Hope Oil Mill, Compress & Manufacturing Co. *v.* Phœnix Assurance Co.

1. Insurance.   *Interest in property.*

   Whoever may be fairly said to have a reasonable expectation of pecuniary advantage from the preservation of property, whether personally or as the representative of others, has an insurable interest therein.

2. Same.   *Privilege tax.*

   In case of suit on a policy issued to a person so interested in the property, it is not a defense that other persons having an interest therein acquired their interest in the course of a business subject to a privilege tax due and unpaid.

3. Same.   *Interest of others.*

   It is not a defense to such a case that certain other parties who might have been interested in the property suffered no loss by its destruction.

4. Same.  *Other insurance.*

In such case it is not a defense that other persons having an interest in the property had taken out further insurance.

5. Same.  *False statements.*

Statements of the insured relative to other insurance relate only to insurance taken by him where there is no inquiry concerning insurance by others.

6. Same.  *Special interest.*

The insured whose interest in the destroyed property was special can sue for whatever interest he owned and for the amount due other owners, which amount, when recovered, will be held by him in trust for such owners.

From the circuit court of Monroe county.

Hon. Newnan Cayce, Judge.

The appellee issued to the appellant a policy of insurance against loss by fire " on cotton in bales held for compression or compressed, but not loaded upon cars, and for which a compress shipper's receipt has been issued, for Mobile & Ohio, Illinois Central, or Kansas City, Memphis & Birmingham railroad companies, while contained on the open platform and under sheds of the Hope Oil Mill, Compress & Manufacturing Company, Aberdeen, Miss., loss, if any, payable to said railroad companies as their several interests may appear at the time of the fire."  The policy further provided: "And it is agreed that this company shall be liable only for such proportion of the whole loss as this insurance bears to the cash value of the whole property hereby insured at the time of fire.  Other concurrent insurance permitted without notice until required."  A loss having occurred, the appellant sued upon the policy.  The averments of the declaration material to the questions decided by the court are stated in the opinion.  The fourth, sixth, seventh, eighth, ninth and tenth pleas referred to in the opinion were as follows:

" 4.  For further plea in this behalf, defendant says that as to

any claim of the Prairie Cotton Company based on the contract for their benefit, that same cannot be maintained, for the defendant says that the Prairie Cotton Company is a firm composed of John Owens and William Fowler, who were, at the time of said fire, and at the time of said contract of insurance, engaged in the business of buying cotton without having first paid the tax as required by the laws of the state of Mississippi. And this the said defendant is ready to verify.

"6. For further plea in this behalf, defendant says that plaintiff's action cannot be maintained, because neither the Mobile & Ohio, Illinois Central, nor Kansas City, Memphis & Birmingham railroad companies sustained any loss or damage by the fire mentioned in said plaintiff's declaration, nor did either of them incur any liability by reason of said fire and damage and loss to the cotton mentioned in plaintiff's declaration. And this the said defendant is ready to verify.

"7. For further plea in this behalf, defendant says that, at and before said fire, the Prairie Cotton Company was the owner of the cotton mentioned in the plaintiff's declaration, and said cotton had not been shipped to plaintiff's press over either the Mobile & Ohio, Illinois Central, nor Kansas City, Memphis & Birmingham railroad companies, but had been bought by the Prairie Cotton Company from individuals, who had stored same with plaintiff as warehouseman; and afterwards said cotton was compressed by plaintiff for said Prairie Cotton Company; but, at and before the time of the fire mentioned in plaintiff's declaration, the Prairie Cotton Company was neither ready to ship same over either of the three railroads mentioned in the said policy of insurance, nor had they determined over which of said lines they would ship said cotton in the future, nor to what point they would ship same, and same at the time of fire was held by the First National Bank of Aberdeen, Miss., as a security for a debt due them by said Prairie Cotton Company. Wherefore defendant says that it is not liable under its policy of insurance mentioned in plain-

tiff's declaration for any damage or loss to said cotton. And this the said defendant is ready to verify.

" 8. For further plea in this behalf, defendant says that, in addition to the insurance mentioned in plaintiff's declaration as being on said cotton, that same was also covered by insurance, which was placed thereon by the Prairie Cotton Company for the benefit of said company, and was in existence at the time of said fire. Wherefore defendant's liability, if any, is not the sum stated in plaintiff's declaration, but is, if any sum, the sum of $————, being the sum said insurance policy bears to the whole insurance, whether valid or not, or by solvent insurers, covering said property. And this the said defendant is ready to verify.

" 9. And for further plea in this behalf, defendant says that the policy of insurance in plaintiff's declaration mentioned, expressly stipulated that this entire policy shall be void in case of any fraud or false swearing by the assured touching any matters relating to this insurance, or the subject thereof, whether before or after loss. Defendant avers that after said fire plaintiff prepared its proof of loss, and in same swore that said cotton was only insured for the sum of $37,000, and that the property insured belonged, at the time of the fire, to the Hope Oil Mill, Compress & Manufacturing Company, as bailees, for the use of the various shippers and the several railroad companies named therein, as their several interests may appear, and that there was no incumbrance thereon at the time of the fire. Whereas, said cotton was insured for more than $37,000, being partially covered by insurance placed thereon by the Prairie Cotton Company, and said cotton was, at the time of said fire, pledged to the First National Bank of Aberdeen, Miss., as collateral security for an indebtedness due it. And this the said defendant is ready to verify.

" 10. And for further plea in this behalf, defendant says that the said policy of insurance in plaintiff's declaration mentioned was taken out by plaintiffs in accordance with its written

agreement with Mobile & Ohio, Illinois Central, and Kansas City, Memphis & Birmingham Railroads, for the benefit of said railroad companies, or either of them, and not for the protection of individual holders of cotton who might have cotton in plaintiff's sheds or platforms, compressed or uncompressed, and who might become in the future shippers of said cotton over one of the three railroads above named. And this the said defendant is ready to verify.''

*Sykes & Bristow,* for appellant.

The main point in the case, the sustaining the demurrer visited back on the declaration, is disposed of in a few words. The court will bear in mind that the party insured in this case, the party with whom the contract is made, the party from whom consideration moves, is the appellant, whom the Phœnix Assurance Company, by the very terms of the policy, '' insures against all direct loss or damage by fire, to an amount not exceeding $2,500, to the property named. The defendant's counsel take the singular and anomalous position that the party primarily insured, the party making the contract, the party paying the premium, is the only party connected with the transaction that has not now, and from the beginning never has had, a particle of interest in the policy, while certain railroad companies, only incidentally and conditionally insured, are the only parties who have ever had any interest in the policy.

The compress company, being, by contract between the plaintiff and the Prairie Cotton Company and the three railroads named, as averred in the declaration, liable to all parties whose cotton it holds for compression or after compression for loss thereof by fire, takes out the policy of insurance thereon for its own protection. The property insured is described as '' cotton in bales held for compression or compressed, but not loaded on cars, and for which a compress shipper's receipt had been issued,'' for the three railroads named, while on the compress premises.

Counsel for the appellee run the relative expression "for the Mobile & Ohio, Illinois Central, or Kansas City, Memphis & Birmingham railroad companies" clear back through four distinct clauses or divisions in the sentence, so as to make it read: "Cotton in bales held for compression for the said three railroad companies, or compressed for the said three railroad companies, but not loaded upon cars for the said three railroad companies, and for which a compress shipper's receipt has been issued for the said three railroad companies."

We contend that the natural, sensible, and grammatical construction of the sentence is to confine the relation of the relative clause to the clause immediately antecedent, so as to make the sentence read: "Cotton held for compression or compressed, no matter for whom, only provided it is not yet loaded upon cars, and provided a compress shipper's receipt for the cotton had been issued for the three railroads named" (or any one or more of them), provision being made further on for the respective claims of the three railroad companies. We confidently submit it to this court to say which is the correct and obvious construction of this clause, which would best carry out the plain intention of the parties to the contract, and look most like business. Can it be contended that the only cotton insured in this policy is cotton belonging to the railroad companies, as claimed by the defendant's counsel? How much more reasonable and sensible to make it apply to all cotton (subject to all the restrictions named), for which compress shipper's receipts have been issued for the railroad companies named. Would not this appear most businesslike with reference to the business of a common carrier?

With reference to the demurrer of plaintiff to the several pleas of the defendant, a very few words will suffice. The sixth, seventh, and tenth pleas raise only the question that was raised by the visiting of the demurrer back to the declaration, which question we have just considered. The fourth plea sets up the failure by the Prairie Cotton Company to pay the re-

quired privilege tax.   As the Prairie Cotton Company is not a party to this contract of insurance, we cannot see how its failure to pay its privilege tax can be held to avoid this contract. The eighth plea goes only to the amount of the defendant's liability.   If some third party has taken out additional insurance on the same cotton, unknown to, and unconnected with, the plaintiff, how can the plaintiff be affected thereby in its settlement with the insurance company?   The ninth plea sets up false statements made by the plaintiff in its "Proof of Loss" rendered defendant after the fire.   The statement by the plaintiff as to the additional insurance, of course refers to the insurance effected by it on the cotton.   How on earth could the plaintiff be expected to swear as to the insurance taken by third parties, strangers?

*Houston & Reynolds*, for appellee.

The sole question on this appeal is, can appellant recover under its contract of insurance with appellee for cotton destroyed by fire when said cotton was owned by the Prairie Cotton Company, but held by appellant, who had assumed the risk of loss by fire and was authorized by private contract to claim and collect the amount of insurance?   This question is determinable by the construction of the contract of insurance in this case.   Of course loss for property destroyed, and which is embraced within the terms of this policy, can alone be recovered.   The terms do not embrace cotton of Prairie Cotton Company upon which the compress company had assumed all risk, even though a compress shipper's receipt had been issued for Prairie Cotton Company, because the policy only covers cotton for which a compress shipper's receipt had been issued for Mobile & Ohio, Illinois Central, or Kansas City, Memphis & Birmingham railroad companies.   The property covered by the policy is "cotton in bales, held for compression or compressed, and for which a compress shipper's receipt has been issued, for Mobile & Ohio, Illinois Central, or Kansas City,

Memphis & Birmingham Railroad Company." The cotton must be held for compression, or compressed, for one of these railroads, and not for Prairie Cotton Company, and shipper's receipt must be issued for one of these railroads, and not for the Prairie Cotton Company, in order to be covered by this policy. This cotton which was burned and sued for here was cotton of the Prairie Cotton Company. There is no allegation that either of the railroad companies had issued their bill of lading for it, or had any interest therein, and, until they did so, they incurred no liability for loss of same. The policy is, "Loss, if any, payable to said railroad companies as their interest may appear at the time of fire "—that is, if none of the railroad companies appear to have any interest at the time of fire, then there is no liability under the policy, for it is only to the railroad companies that the loss is payable as their several interests may appear. There is no allegation in the declaration that either of the three railroads named in the policy has any interest. This policy was not intended to cover cotton delivered to the compress company by private individuals to be compressed for them, but was only intended to cover cotton which the railroads had delivered to the compress company to be compressed for and on their account, and for which they had given their bill of lading and would have been liable for as common carriers in the event of its loss. To justify the construction placed on the contract by appellants, the court must first interpolate into the contract the words "for shipment over" after the words "compress shipper's receipt has been issued for," making it read as follows: "On cotton in bales held for compression, or compressed, and for which a compress shipper's receipt has been issued, for shipment over Mobile & Ohio, Illinois Central, or Kansas City, Memphis & Birmingham," etc., and the court would also have to insert in the contract "loss, if any, payable to individuals and railroad companies as their interest may appear at the time of fire."

WHITFIELD, J., delivered the opinion of the court.

It is said in May on Insurance, sec. 80 (2d ed.): "Whoever may be fairly said to have a reasonable expectation of deriving pecuniary advantage from the preservation of the subject-matmatter of insurance, whether that advantage inures to him personally or as the representative of the rights or interests of another, has an insurable interest. . . . And pledgees, innkeepers, factors, common carriers, wharfingers, pawnbrokers, warehousemen, and generally persons charged either specially by law, custom, or contract with the duty of caring for and protecting property in behalf of others as having a right so to protect such property, though not bound thereto by law, or who will receive benefit from the continued existence of the property, whether they have or have not any title to, estate in, lien upon, or possession of it, have an insurable interest." See, also, page 651 and section 445, where it is said, treating of nominal and real claimants, that "the name of the insured may not be stated in the policy, as it need not be." See, as clearly and strongly stating the doctrine, *Eastern Railroad Co.* v. *Relief Fire Insurance Co.*, 98 Mass., 423; 11 Am. & Eng. Enc. L., 316, 317; *Roberts* v. *Firemen's Insurance Co.*, 165 Pa. St., 55, s.c. 44 Am. St. Rep., 642; *California Insurance Co.* v. *Union Compress Co.*, 133 U. S., 387, a case to which we especially refer, and *Rochester Loan & Building Co.* v. *Liberty Insurance Co.* (Neb.), 48 Am. St. Rep., 750.

In *Fire Insurance Association* v. *Merchants & Miners' Transportation Co.*, 66 Md., 347, it is said further: "The law is now well settled that when a person has the custody, care, or possession of property for another, and bears the relation to it of consignee, carrier, factor, warehouseman, or bailee, he may, though he has no pecuniary interest therein, and is not responsible for its safe-keeping, insure it in his own name for the benefit of the owners, and the insurance will inure to their benefit upon the subsequent adoption of the insurance, even

after the happening of a loss under the policy.'' The party insuring in such case may sue for and recover the whole loss, holding the excess over his own interest in the property for the benefit of those who have intrusted the goods to him. 133 U. S., 387, *supra.* See, also, *Traders' Insurance Co.* v. *Pacaud* (Ill. Sup.), 41 Am. St. Rep., 358; *Waring* v. *Insurance Co.*, 45 N. Y., 606, s.c. 6 Am. Rep., 146.

Let us test the case in hand in the light of these principles. The declaration avers that '' on October 28, 1895, there were held by the plaintiff for compression, and compressed but not loaded on cars, and for which compress shipper's receipt had been issued, for the several railroads before herein named, to be shipped for and on account of the Prairie Cotton Company, of Aberdeen, Miss., and to be delivered to its consignees at the points of destination,'' etc. The declaration further avers that '' at and before the time of the said fire it had been agreed by and between this plaintiff and the said several railroad companies and the said Prairie Cotton Company that this plaintiff assumed all the risk of loss on the said cotton by fire, and should be allowed and authorized to claim and collect from the said defendant and other insurance companies having policies as aforesaid on said cotton, the amount of insurance due thereon,'' etc. It further appears from the declaration that the plaintiff made the contract with the defendant, and paid the premiums, and that the defendant insured the Hope, etc., Company, for the term of three months, against all direct loss or damage by fire, etc., on the property, to wit: '' Cotton in bales, held for compression, or compressed but not loaded on cars, and for which a compress shippers' receipt has been issued for Mobile & Ohio, Illinois Central, or Kansas City, Memphis & Birmingham railroad companies, while contained on the open platforms and under sheds of the Hope Oil Mill Compress & Manufacturing Company, Aberdeen, Miss.; loss, if any, payable to said railroad companies as their several interests may appear at the time of the fire.'' We do not think the word ''for'' in this

policy, in this connection ("for which," etc.) is used to indicate ownership of the cotton, but simply the lines over which it is to be routed. We understand the terms of this policy to cover all cotton held by the plaintiff for any owner, situated as described, etc., for which compress shippers' receipts had been issued for shipment over these railway lines, or any of them. Whether these companies might sue, had the cotton been theirs, as carriers, is not material to the right of the bailee (the cotton being the property of other owners) to sue for any interest it may have, by way of charges or otherwise, and for the amount due owners, which amount would be held by it, when recovered, in trust for such owners. That this suit is properly brought is clear. Ostr. Ins., secs. 277, 278, 280, 282. It is not necessary to go into the question of the distinct rights and distinct subjects of insurance, which, in some cases, under special policies, are held to exist in the owner and the mortgagee, where slips such as this one are inserted in the body of the policy. See, as to this, *Phœnix Insurance Co.* v. *Omaha Loan & Trust Co.* (Neb.), 25 L. Rep. Ann., 679, and note thereto. It would seem that the plaintiff, the Union Compress Company, in the case in 133 U. S. (see page 393, at bottom), had given the owners receipts "which provided that the plaintiff should not be liable for the loss of the cotton by fire," and a recovery was had. In the policy in this case it is also stipulated that "if, with the consent of this company, an interest under the policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance, other than the interest of the insured," etc., seeming distinctly to recognize the plaintiff's interest as the original assured, and such other interests as different, and as contingently arising.

Applying the foregoing principles to the case in hand, we think the court erred in extending the demurrer back to the declaration, and holding that it stated no cause of action. The demurrer to the fourth plea should have been sustained, because the contract was not made with the Prairie Cotton Com-

pany, and, in the light of what has already been said, obviously the demurrers to the sixth, seventh, eighth, ninth and tenth pleas should have been sustained.

*The judgment is reversed, the demurrers to defendant's said sixth, seventh, eighth, ninth and tenth pleas sustained, and the cause remanded.*