GERMANIA INSURANCE CO. V. NEIL P. ANDERSON.

Delivered March 8, 1897.

**Fire Insurance Policy—Liability of Insurer.**

An insurance company which insured a railroad company against loss by fire "on cotton in bales * * * for which they shall be liable," is not released from liability on account of an accidental fire by the fact that the railroad company had contracted against its own liability for accidental fires.

ERROR from Tarrant. Tried below before Hon. S. P. GREENE.

*Leake, Henry & Reeves* and *Hogsett & Orrick*, for plaintiff in error.

*A. M. Carter*, for defendant in error.

TARLTON, CHIEF JUSTICE.—We adopt the conclusions of fact found by his honor. From them, among other matters, the following facts appear:

The plaintiff, defendant in error, Anderson was the owner of a certain number of bales of cotton. This cotton, in several lots, was shipped from points in Texas to Liverpool, England, upon foreign bills of lading. While in transit it was delivered to Charles Dillingham, receiver of the Houston & Texas Central Railway Company, who accepted the benefits and assumed all of the liabilities growing out of the bills of lading. These contained a stipulation exempting the original carriers and their connecting lines transporting the cotton from loss or damage occasioned thereto by fire.

According to custom, this cotton was placed by Dillingham, the receiver, in the yards of the Fort Worth Compress Company for purposes of being compressed. While there it was damaged by fire on September 24, 1892. The origin of the fire was purely accidental, and was not due to any negligence of the receiver of the Houston & Texas Central Railway Company or his employes.

At the instance of Dillingham, the receiver, the compress company took out upon the cotton the open policy of insurance herein sued on. The policy was taken out in the name of the receiver, as a condition upon which he would have the cotton compressed by the Fort Worth Compress Company. The latter paid the premium on the policy. This insured the receiver against loss or damage by fire for the following described property, while located and contained as described herein, and not elsewhere, to-wit: "On cotton in bales for which bills of lading have been issued by their duly authorized agents, and for which they shall be liable, while contained in compress yards, sheds and platforms, and on board cars standing on compress tracks, situated on blocks 133 and 134, Fort Worth, Texas."

We think, under the foregoing facts, that the defendant in error, as assignee of the policy, properly recovered thereon.

The argument contesting liability runs thus: Under the terms of the policy, the insurer was not liable unless the carrier was liable; under the terms of the bills of lading, the carrier was not liable for accidental fire, as in this instance; therefore the plaintiff in error was not liable.

The argument is unsound, and the minor proposition inapplicable to the clause of the policy relied upon.

Conceding that the carrier was not liable for the consequences of accidental fire, does it follow that, under the terms of the bills of lading, it was not liable for any other reason?

Let us change the verbiage without altering the meaning of the clause in the policy relied upon, and it will read thus: "This policy is issued on cotton in bales while contained in compress yards, sheds and platform and on board of cars standing on compress tracks situated on blocks 133 and 134, Fort Worth, Texas, and for which bills of lading have been issued by their duly authorized agents and for which they shall be liable;"—"For which they shall be liable," not for fire only, but for any reason, as we interpret the language. Certainly the liability of the carrier for the cotton while in the compress yards did not wholly cease because of the stipulation exempting it from loss caused by fire alone.

The construction as insisted upon by the insurer amounts to this: The insurer has issued a policy against loss by accidental fire. If, however, a loss should accrue having its origin in accidental fire, the insurer is not liable. Prior to the loss, however, the insurer has faithfully accepted and appropriated the premiums. An interpretation of this character involves a contradiction, and leads to a result absurd and inequitable. Such an interpretation should be avoided.

The plaintiff in error would attach too narrow a meaning to the language "for which they shall be liable." As already indicated, the liability of the carrier for other than the excepted cause did not cease while the cotton was in the compress yards.

The judgment is affirmed.                                        *Affirmed.*