GALVESTON CITY RAILWAY COMPANY V. H. L. CHAPMAN.

Decided April 20, 1904.

**1.—Assignment of Error—Like Evidence Not Objected to.**

An assignment of error objecting to evidence will not be sustained where like testimony was admitted without objection.

**2.—Charge—Negligence—Motorman.**

A charge instructing the jury to find for the plaintiff, in an action for damages for injuries sustained in a collision between two street cars, if they believed such collision was the result of the motorman's negligence, held, in view of the testimony, not misleading as to which motorman was meant.

**3.—Charge—Contractor—Personal Injuries—Loss of Time—Measure of Damages.**

Evidence that a contractor, injured in a street car collision, could not oversee or do the work he usually did and that he was forced to hire a foreman at a salary of $25 per week to attend to this for him was sufficient proof of loss of time and value thereof to warrant a charge including such items in the measure of damages.

**4.—Mental Suffering—Measure of Damages.**

Mental pain may be inferred from the existence of physical suffering, as an element of the measure of damages.

**5.—Evidence—Earning Capacity.**

The fact that plaintiff, disabled by his injuries, was compelled to hire a foreman at $25 per week was evidence bearing on his earning capacity.

**6.—Charge—Burden of Proof.**

Charge on burden of proof as given held less objectionable than the requested charge which was refused.

Appeal from the District Court of Galveston. Tried below before Hon. Frank M. Spencer.

*Terry, Ballinger, Smith & Cavin,* for appellant.

*Jas. B. & Chas. J. Stubbs,* for appellee.

JAMES, CHIEF JUSTICE.—The action is for damages for personal injuries alleged to have been received by appellee in a collision between two of appellant's cars upon one of which he was a passenger. He recovered judgment for $750.

The first assignment of error is not sustained because, if objectionable, like testimony was admitted without objection.

The paragraph of the charge which is questioned by the second assignment is not fairly subject to any of the criticisms offered. It stated correctly the law. If defendant desired more apt reference of the charge to the particular facts, it should have asked that it be done. The petition confined the negligence complained of to the motorman of the car upon which plaintiff was a passenger, the south-bound car. His negligence was the issue. This paragraph of the charge read: "If you believe from the evidence that a collision occurred between the car on which plaintiff was riding and another car, * * * and that plaintiff by said collision had his wrist sprained or dislocated, and that said collision and injury would not have occurred if the motorman of defendant company had been in the exercise of the care and skill here-

inbefore defined, and that the collision was the result of motorman's negligence, if he was guilty of negligence, your verdict will be for plaintiff."

The second proposition under the assignment is that the charge was erroneous because it did not inform the jury that the motorman intended thereby was the one on the car upon which plaintiff was a passenger. The testimony might have been such as to have shown such negligence on the part of the other conductor, or to afford reasonable ground for the theory that the charge as worded was misleading as to what motorman was intended. The testimony set forth in appellant's brief in connection with this proposition is not such as makes it at all probable that the jury construed the charge as having any reference to negligence of the conductor on the other car.

The charge mentioned in the third assignment did not place the burden of proof on defendant as is alleged.

The fourth assignment involves this charge: "In the event of your verdict being for the plaintiff, in assessing his damages you may take into your consideration the reasonable value of the time lost, if any, consequent upon his injuries, the necessary sums of money, if any, expended by him for medical attendance and medicine rendered necessary by his injuries, the bodily and mental pain, if any, suffered by or that may be suffered by reason of his injuries, and if you believe from the evidence plaintiff's injury is permanent, and will impair his capacity to labor and earn money in future, you may, in addition to the foregoing, find such sum as will be a fair and reasonable compensation for his future diminished capacity to labor and earn money."

Three objections are presented to the above: (1) That there was neither pleading nor testimony that appellee lost any time, or of the value thereof; (2) nor testimony that he suffered any mental pain, or would thereafter suffer any; (3) nor testimony of appellee's earning capacity.

The allegations of the petition embraced loss of time. He appears to have been a carpenter and contractor who superintended his work and worked himself. The injury entirely prevented him from working and from getting about to superintend his work for some time after the accident, and he testified that he has been compelled to employ a man to take his place at the wages of $25 per week since he was hurt, that he did this work himself up to that time, and if he had not been hurt he would not have employed this foreman. There was testimony that it was several months after plaintiff was hurt before he was able to go up and down ladders in the holds of ships where his work was usually done. That previously he worked on all jobs he was doing just as the other men, but now he can not do anything that involves the deflection of his wrist, and that he has had to employ a man in his place ever since to do the work he had previously done.

This was evidence both of loss of time and of its value.

As to mental pain, this may be inferred from the existence of physical suffering.

As to earning capacity the fact that plaintiff was compelled to put a man to work in his place to do the work he had previously done at $25 per week, was evidence bearing on the value of plaintiff's earning capacity.

The fifth assignment complains of the refusal of this charge: "You are instructed that the burden is upon plaintiff to prove his case by the evidence, and unless he has done so you will find your verdict for the defendant." Appellant admits that the court charged "the burden of proof is upon the plaintiff to make out his case by a preponderance of the evidence," but insists that it was nevertheless entitled to the further instruction embodied in the latter portion of the charge asked. This is upon the idea that the jury was incapable of comprehending the plain meaning of the charge that was given. Besides, the requested charge was not as free from objection as the one given, as it did not mention the preponderance of the evidence.

*Affirmed.*

Writ of error refused.