THOMPSON. v. COMMONWEALTH LIFE INS. CO.

(In Banc. Oct. 22, 1945.)

[23 So. (2d) 539. No. 35922.]

**Barnett, Barnett, Jones & Stone,** of Jackson, for appellant.

**Wells, Wells, Newman & Thomas,** of Jackson, for appellee.

Argued orally by **Ross R. Barnett,** for appellant.

**McGehee, J.,** delivered the opinion of the court.

The only question presented by this appeal is whether or not the trial court was in error in sustaining the plea to the jurisdiction as filed by the defendant.

The record discloses that the plaintiff is the beneficiary in a life insurance policy for the sum of $2,500 wherein her husband was the insured. She resides in Rankin County, where the death of her husband occurred. She filed her suit on the policy in the First Judicial District of Hinds County, where process was served on Robert Gandy as the appointed agent for the service of process on the Commonwealth Life Insurance Company a foreign corporation. Service was also had upon the State Insurance Commissioner, who also resides in said Judicial District. The plaintiff relies upon the service had upon the agent appointed by the Insurance Company, the service on the Insurance Commissioner having been obtained upon the theory that plaintiff might be unable to show that the appointment of the agent for service of process was still in force. It was disclosed, however, at the trial that his appointment had never been revoked.

The question as to whether or not the suit can be maintained in Hinds County depends upon the proper construction of Section 1435, Code 1942, which reads as follows: "Actions against insurance companies may be brought in any county in which a loss may occur, or, if on a life policy, in the county in which the beneficiary resides, and process may be sent to any county, to be served as directed by law; and such actions may also

be brought in the county where the principal place of business of such corporation or company may be, and in case of a foreign corporation or company, may be brought in the county where service of process may be had on an agent of such corporation or company or service of process in any suit or action, or any other legal process, may be served upon the insurance commissioner of the state of Mississippi, and such notice will confer jurisdiction on any court in any county in the state where the suit is filed provided the suit is brought in the county where the loss occurred, or in the county in which the plaintiff resides.''

This statute which appears as Section 709, Code of 1906, reads as follows: ''Actions against insurance companies may be brought in any county in which a loss may occur, or, if on a life policy, in the county in which the beneficiary resides, and process may be sent to any county to be served as directed by law; and such actions may also be brought in the county where the principal place of business of such corporation or company may be, and in a case of a foreign corporation or company may be brought in any county where service of process may be had on an agent of such corporation or company.''

It will thus be seen that the statute as it appeared in the Code of 1906, supra, expressly and in unequivocal language confers jurisdiction in any county where service of process may be had on an agent of a foreign insurance corporation or company. Thereafter by Chapter 201, Laws of 1916, the legislature amended Section 709, Code of 1906, so as to provide for service of process upon the Insurance Commissioner, and to effectuate that purpose there was added the language ''or service of process in any suit or action, or any other legal process, may be served upon the insurance commissioner of the state of Mississippi, and such service will confer jurisdiction on any court in any county in the state where the suit is filed, provided the suit is brought in the county where the loss occurred, or in the county in which the plaintiff resides.''

When this statute was later codified the word "notice" was substituted for the word "service" in the above-quoted language.

We do not think that the adoption of Section 1435, Code of 1942, as it now reads was intended to withdraw the right from a plaintiff to bring the suit in any county where service of process may be had on an agent for process of a foreign insurance corporation or company, but that it was merely intended to provide an additional method of service by process upon the State Insurance Commissioner of all suits brought in the county where the plaintiff resides or the loss occurs, and also in the county where the Insurance Commissioner resides, provided the plaintiff resides there or the loss occurs in such county. We are also of the opinion that if necessary to carry out this purpose the word "or" at the beginning of the language which was added by Chapter 201, Laws of 1916, should be construed the same as if the word "and" or the words "and/or" had been used.

We are, therefore, of the opinion that the trial court was in error in sustaining a plea to the jurisdiction in the First Judicial District of Hinds County.

Reversed and remanded.