GLOBE & RUTGERS FIRE INS. CO. et al.
v. UNITED STATES.

No. 14174.

United States Court of Appeals
Fifth Circuit.

March 11, 1953.

Vernon Coe and Thompson & Coe, Dallas, Tex., for appellants.

R. Daniel Settle, A. W. Christian, Assts. U. S. Atty., Fort Worth, Tex., Frank B. Potter, U. S. Atty., for appellee.

Before HOLMES, RUSSELL and STRUM, Circuit Judges.

RUSSELL, Circuit Judge.

At the time of a fire which destroyed its cotton gin and cottonseed warehouse and contents, McCoy Gin Company, Inc., was insured against its own loss by six certain fire insurance policies. It has been compensated for such loss by the insurers. However, in this fire there was also destroyed a quantity of cottonseed which had been bought by, and was in the custody of, the gin company on behalf of the Commodity Credit Corporation under a contract which such Corporation had proposed and made in carrying out the cottonseed price support program of 1949. The United States filed suit against the insurers to recover for this loss and was awarded judgment by the trial Court. The defendant insurance companies have appealed.

Each of the insurance policies, all dated prior to the above referred to contract, named the gin company as the insured. The description of the subject matter insured, identical in each of the policies, which issued on Texas standard form, is:

"On cotton, ginned and unginned, baled and unbaled, seed cotton, cotton seed, supplies of sacks and other packaging material containing or to contain cotton seed, and bagging and ties, their own, and provided the insured is legally liable therefor, this policy shall also cover such property sold but not delivered, held in trust or on consignment or for storage."

There is no claim that the gin company was negligent or legally liable for the loss, and thus the liability of the gin company to the government was to respond to its caretaker obligation. Thus, the question upon which decision must rest is whether the policy provision quoted furnished insurance protection to the United States against the loss of the cottonseed by fire, or covered only the legal liability, if any, of the gin company resulting from such loss.

The determination of the trial Court that the policies furnished insurance protection against the loss of the cottonseed by fire,

and the consequent judgment awarding the plaintiff recovery, was supported by a well considered memorandum opinion.[1] We find the reasoning of the trial Court sound and its judgment correct.

In applying the policy provisions, the trial Court properly gave great weight to the fact that the entire tenor and effect of the contracts was insurance against property loss by fire and not insurance only against the legal liability of the named insured for the fire loss. The policies provide property insurance,—not indemnity or liability insurance. Whether the described commodities were owned by the insured, or "held in trust or on consignment or for storage", in either and all events it is provided that the policy shall cover "property". It was likewise correctly determined by the trial Court that the phrase "provided the insured is legally liable therefor", when considered in connection with these policy provisions providing insurance on property, should be considered to refer to the present and existing liability of the custodian generally and not restricted to liability which was the consequence alone of a fire. This view is earnestly attacked by the appellant upon the ground that in view of the provisions following that such goods be "held in trust, or on consignment or for storage", it renders the "legal liability" phrase superfluous and unnecessary. This argument, while forceful and entitled to consideration, is insufficient to authorize the disregard of the context and purpose of the policy to provide property insurance. Furthermore, as remarked by the trial Court, the argument overlooks the frequent tendency "of bailees to attempt contractual stipulations against their common law liability."

Our conclusion here is supported by the weight of authority, as shown by the cases cited and relied upon by the trial Court.[2] In the cases relied upon by the appellant, the language involved was different from that which we now have to consider, except that under consideration in Orient Ins. Co. v. Skellet Co., 8 Cir., 28 F.2d 968. If that opinion, considered as a whole, should be construed to rule as contended by the appellant it is contrary to the weight of authority, as established by the cases cited above.[3]

The judgment of the trial Court is Affirmed.

1. In it the Court reviewed the authorities in the general field and found them diverse, depending largely upon the multiform policy provisions differing from case to case. Decisions in cases where the policy insured the property, California Ins. Co. v. Union Compress Co., 133 U. S. 387, 10 S.Ct. 365, 33 L.Ed. 730; Hartford Fire Ins. Co. v. Evans, Tex.Civ.App., 255 S.W. 487; Southern Cold Storage & Produce Co. v. A. F. Dechman & Co., Tex.Civ.App., 73 S.W. 515; Home Ins. Co. v. Favorite, 46 Ill. 263; Lucas v. Liverpool & London & Globe Ins. Co., 23 W.Va. 258; Johnston v. Charles Abresch Co., 123 Wis. 130, 101 N.W. 395, 68 L. R.A. 934, and others where the policy insured only the liability of the insured with respect to property, Allen v. Royal Ins. Co., Tex.Civ.App., 49 S.W. 931; Millers' Mutual Fire Ins. Ass'n v. Warroad Potato Growers Ass'n, 8 Cir., 94 F.2d 741; In re Podolsky, 3 Cir., 115 F.2d 965; McCoy v. Home Ins. Co., 170 Pa.Super. 38, 84 A.2d 249; Michigan Fire & Marine Ins. Co. v. National Surety Corp., 8 Cir., 156 F.2d 329, were cited, and attention was also directed to other cases involving policy provisions, where the decision turned on provisions dealing directly with the described property rather than the liability of the assured for such property. Home Ins. Co. v. Baltimore Warehouse Co., 93 U.S. 527, 23 L.Ed. 868; B. N. Exton & Co., Inc., v. Home Fire & Marine Ins. Co., 249 N.Y. 258, 164 N.E. 43, 61 A.L.R. 718.

2. American Eagle Fire Ins. Co. v. Gayle, 6 Cir., 108 F.2d 116; Germania Ins. Co. v. Anderson, 15 Tex.Civ.App. 551, 40 S. W. 200; Pacific Fire Ins. Co. v. Murdock Cotton Co., 193 Ark. 327, 99 S.W. 2d 233; Sanford Mfg. Co. v. Western Mutual Fire Ins. Co., 229 Iowa 283, 294 N.W. 406.

3. Both parties rely upon Sanford Mfg. Co. v. Western Mutual Fire Ins. Co., 229 Iowa 283, 294 N.W. 406. Consideration of this case makes it clear that the Court concluded that the policy provision therein question, in language similar to that now involved, when uninfluenced by Rule 58 of Railroad Commissioners of Iowa, afforded property insurance, but that the provisions of this rule, to comply with which the policy was expressly issued, required the ruling in that case that the policy only insured the legal liability of the assured for the loss.