233 Miss. 178 (1958)
101 So.2d 535
PENN
v.
COMMERCIAL UNION FIRE INSURANCE CO. OF N.Y.
No. 40725.
Supreme Court of Mississippi.
March 24, 1958.
Farish, Keady & Campbell, Greenville, for appellants.
*180 Watkins & Eager, Jackson, for appellee.
*182 GILLESPIE, J.
Appellants, plaintiff below, sued appellee, defendant below, on a fire insurance policy. The court gave appellee a peremptory instruction and entered judgment denying recovery.
Appellants were engaged in the business of selling and servicing office machines and kept on display and for sale machines owned by them. They also kept in their place of business machines belonging to their customers which they brought there for service and repair.
Appellee issued to appellants a standard fire insurance policy covering the contents of the building wherein appellants operated their business. The policy covered: "Contents while contained in the above described building (1 & 2 story, brick, composition roof building, occupied as... . Office Machine Sales & Service 1 & 2nd, and situated #232-234... . Washington Ave.) usual to the occupancy of Office Machines Sales and Service."
Under the caption "Mercantile Form", the policy provided in part as follows: "Furniture, Fixtures, Equipment and Supplies Coverage  When this policy covers on FURNITURE, FIXTURES, EQUIPMENT and SUPPLIES it shall include all such items usual or incidential to the business of the occupancy described on the first page of this policy including property for which the insured is liable (except motor vehicles, boats and aircraft), while contained in the described building or while within 100 feet thereof if in the open or in vehicles on land, including building improvements (if the insured is not the owner of the building and the improvements are not covered jointly with others), except as otherwise excluded.
"Stock Coverage  When this policy covers on STOCK of merchandise it shall include all such items *183 usual or incidental to the business of the occupancy described on the first page of this policy (except motor vehicles, boats and aircraft); the property of the Insured or for which the Insured is liable while contained in the described building or while within 100 feet thereof if in the open or in vehicles on land, except as otherwise excluded.
"When the term `contents' is shown on the first page of this policy it shall include coverage as shown in paragraphs above captioned `Furniture, Fixtures, Equipment and Supplies Coverage' and `Stock Coverage'." (Emphasis ours)
A fire occurred in the building occupied by appellants while the policy was in force. There was damage to appellants' own machines and those of their customers. Appellee settled for the losses to appellants' own machines and this suit involves only losses to the machines belonging to appellants' customers, the amount of which was agreed upon.
The sole question is whether the policy covered fire losses to machines owned by appellants' customers which were in the building for service and repair without regard to whether appellants were liable to their customers as a consequence of the fire.
Both parties agree that appellants, as bailees of the machines owned by their customers, had an insurable interest in such machines, and that appellants were not liable to their customers for the fire losses to such machines absent negligence proximately causing the loss. We assume, although appellants do not concede, that appellants were not negligent in connection with the losses in the fire involved in this suit.
The key phrase in the policy as far as this suit is concerned is "property for which the insured is liable." Admittedly, this phrase afforded some kind of insurance pertaining to property of others contained in the building described in the policy. Appellee contends, and the *184 lower court held, that as to property of others the policy insured against appellants' liability only  in other words, indemnity against fixed legal liability of appellants in connection with a fire loss to property of others.
Several considerations bear upon the solution of the question.
(Hn 1) The policy was prepared by the insurer and the universal rule is that it must be construed most strongly against the insurer. This does not mean that a court should rewrite any provision of an insurance policy, but that any fair doubt should be resolved in favor of the insured.
(Hn 2) The controversy revolves around the word "liable" used in the phrase "property for which the insured is liable." According to Webster's International Dictionary, "responsible" is a synonym for "liable", and "liable" is defined as "exposed to a certain contingency or casualty of an undesired character." At the inception of a bailment, the bailee becomes liable (or responsible) to account to the owner in accordance with the rules of law applicable to the bailment; but until the occurrence of some future event giving rise to an enforceable claim against the bailee there is no fixed legal liability and the liability (or responsibility) of the bailee consists of a mere exposure to a contingency. (Hn 3) The liability of the insured mentioned in the policy should be considered as referring to the present and existing general liability of the insured as bailee of the property, and not to a particular fixed legal liability as a consequence of a fire.
The policy is a standard fire policy and the entire language deals with and points to insurance on property rather than on liability. The controversial phrase is contained in that part of the policy identifying the property covered. There is no doubt that one purpose for including this phrase was that of identification, and we think that was the principal purpose. It also served the *185 purpose of eliminating from the coverage of the policy property on the described premises as to which appellant had no responsibility.
(Hn 4) While there is some authority to the contrary, we hold that the policy covered property of appellants' customers and that appellants are entitled to recover for the losses thereto, holding the excess over their own interest in the property for the benefit of the owners. This accords with what appears to be the weight of authority. Globe & Rutgers Fire Insurance Company v. United States (5CCA), 202 F.2d 696; affirming District Court opinion in 104 F. Supp. 632; American Eagle Fire Insurance Company v. Gayle (6CCA), 108 F.2d 116; Pacific Fire Insurance Company v. Murdoch Cotton Co., 193 Ark. 327, 99 S.W.2d 233; Germania Insurance Company v. Anderson, 15 Tex. Civ. App. 551, 40 S.W. 200; Home Insurance Company of N.Y. v. Peoria & P.U. Railway Company, 178 Ill. 64, 52 N.E. 862; Johnston v. Charles Abresch Company, 123 Wis. 130, 101 N.W. 395.
The lower court erred in granting a peremptory instruction to appellee and in refusing such instruction to appellant.
Reversed and judgment here for appellant.
McGehee, C.J. and Lee, Arrington and Ethridge, JJ., concur.