WILLIAM F. WOODS, Judge.
This is an appeal from a judgment sustaining an exception to the jurisdiction. *303 and a plea of prescription filed by the defendant, National Automobile and Casualty Insurance Company, and dismissing it from this suit.
In addition to these pleadings the defendant has filed an exception of no right of action in this court after the appeal was perfected.
No testimony has been taken and the record at present consists of the pleadings and a copy of the insurance policy in question issued by the defendant.
The plaintiff has alleged that Charles F. Lynch, a resident of the City of New Orleans, turned over to Joe Rotell in San Francisco, California, two valuable objets d’art (a pair of moss agate birds) to be shipped by Railway Express to Lynch in New Orleans, Rotell being engaged in the business of packing and shipping such articles. On arrival in New Orleans the birds were found to be badly damaged. Lynch had a personal property insurance policy with the plaintiff, which policy is not involved in this case, so the plaintiff paid Lynch the sum of $3,325.00. In return for this payment, the plaintiff received a sub-rogation from Lynch and brings this suit, as subrogee, to recover from the defendant the amount of $3,325.00. At the time Lynch delivered the birds to Rotell in San Francisco, Rotell was insured by the defendant under the policy of insurance at issue herein.
The policy in question named Rotell as the insured but also provided:
“The policy insures the property as hereinafter described, owned by the assured or for which the assured may be liable in the event of loss or damage.”
The exception to the jurisdiction filed in the lower court and the exception of no right of action filed in this court are both based on two grounds; first, that the only insured named in the policy is Rotell, and, since Lynch was not named as an insured, the plaintiff, as subrogee of Lynch, has no right to sue as an insured under the policy; second, that the defendant is the liability insurer of Rotell, and, since Rotell is a nonresident of Louisiana and the petition does not allege the damage occurred in Louisiana, the plaintiff has no right to sue under the Direct Action Statute.
In reply thereto, it is contended that plaintiff occupies the status of an insured suing its own insurer, since the policy did not provide for liability coverage but was one that insured the property itself, regardless of any negligence on the part of Rotell.
The policy in question named only Rotell as the insured, and not Lynch, so the main issue to be decided is whether or not the, policy provided for “property” coverage or “liability” coverage for Rotell.
The pertinent provision of the policy to be interpreted is the part which provides:
“This policy insures the property as hereinafter described * * * for which the assured may be liable in the event of loss or damage.”
An endorsement provided:
“This policy is extended to cover shipments of merchandise accepted by the assured for shipment * *
The petition is devoid of any allegation that the damage occurred in the State of Louisiana. Therefore, if the policy in question only covered Rotell for his torts against the property of third parties, the plaintiff could not avail itself of the Direct Action Statute. An examination of L.R.S. 22:655 will show the accident or injury must have occurred in Louisiana in order for the Direct Action Statute to apply.
On behalf of plaintiff it is contended that the policy is one of property insurance under which plaintiff, as subrogee of the insured property owner, is entitled to bring this action, citing Penn v. Commercial Union Fire Insurance Company of New York, 233 Miss. 178, 101 So.2d 535, 67 A.L.R.2d 1238 (Supreme Court of Mississippi). *304 In the cited case recovery was allowed on the ground that the policy was one covering the property of the insured or for which the insured was liable. We think the Penn case is readily distinguishable in view of the fact that the plaintiffs therein were the named insureds in a fire policy, suing to collect for the loss of machines owned by their customers and in their possession on their premises.
Counsel for plaintiff submits that the policy was for the benefit of the property owner and, perforce, for plaintiff as subrogee. The benefits of protection to the property owner under the policy are indirect and must rest upon his rights against Rotell. In view of this finding, we cannot subscribe to the proposition that Lynch was vested with a right of action against any other party.
Counsel for the plaintiff also contend counsel for the defendant changed the substance of his pleading in the lower court when arguing his case to this court. If there be any merit to plaintiff’s argument, the defendant has cured the error by filing a plea of no right of action in this court.
A peremptory exception can be filed at any time, even on appeal, and may be noticed by the appellate court on its own motion; LSA-C.C.P. Art. 927; LSA-C.C.P. Art. 2163.
The exception of no right of action is sustained and the plaintiff’s suit ordered dismissed at its cost.