326 So.2d 807 (1976)
HARTFORD FIRE INSURANCE COMPANY et al.
v.
PRODUCER'S GIN OF HERNANDO, INC.
No. 48501.
Supreme Court of Mississippi.
February 24, 1976.
*808 Watkins & Eager, James L. Carroll, Jackson, for appellants.
Walker, Franks, Rone, Bridgforth & Woods, Hernando, for appellees.
Before PATTERSON, ROBERTSON and BROOM, JJ.
BROOM, Justice:
Producer's Gin of Hernando, Inc., plaintiff (bailee), filed suit in the Circuit Court of DeSoto County to collect the market value of cotton destroyed by fire and insured under four policies of fire insurance issued by Hartford Fire Insurance Company, The Home Insurance Company, New Hampshire Insurance Company and United States Fidelity & Guaranty Company, defendants. Defendants appeal from a judgment awarding plaintiff the market value of the cotton as of the time of loss. We affirm.
Chief issues presented are: (1) Where is the venue of an action against a foreign insurance company when service of process is upon the company's resident agent for process? (2) May a bailee insure in his own name and recover the whole loss of property of another in his possession? (3) Is the liability of defendants limited to the price at which bailors had contracted to sell insured property to third parties, or do the terms of the insurance policies involved govern as to the liability of defendants?
On October 3, 1973, plaintiff obtained four separate policies of fire insurance in its own name on baled cotton it held as a bailee for the growers (bailors) of the cotton. Each policy provided a maximum coverage of $12,500, required a premium of $198, and covered a period of two months. On October 29, 1973, thirty-one bales of the insured cotton were destroyed by fire at plaintiff's warehouse in DeSoto County. The market value of the cotton at the time of loss was 78.45 cents per pound. In January 1973, prior to issuance of the policies to plaintiff, the bailors of twenty-five of the thirty-one bales had contracted to sell their cotton to third parties for thirty cents per pound.
Plaintiff paid the bailors the market value of the cotton as of the time of loss and filed suit in the Circuit Court of DeSoto County against defendants, foreign insurance companies licensed to do business in Mississippi, to recover the market value of all of the cotton as of the date of loss. Process was served upon the resident agents of defendants, all of whom resided in and were served in Hinds County. Defendants filed their respective answers, alleging as a first defense that venue did not belong in DeSoto County. On the merits, defendants recognized plaintiff's right to recover for both its interests as a bailee (handling charges) and for the bailors' interests and they agreed to pay market value at the time of loss on the six "uncontracted" bales. As for the remaining twenty-five bales of "contracted" cotton, defendants contended that plaintiff, recovering for the bailors' interests, could recover no more than the price at which the bailors contracted to sell the cotton  thirty cents per pound.
Sitting without a jury, the Circuit Court held that venue was properly in DeSoto County and that the proper measure of damages was the market value or replacement value of the cotton at the time of the fire. By stipulation that value was fixed at 78.45 cents per pound.[1]

I.
Mississippi Code Annotated section 11-11-7 (1972), governing venue of suits against insurance companies, is divided into two parts.[2] Except for changes in *809 punctuation, the first part of section 11-11-7 has remained unchanged since it first appeared in the Revised Code of 1880. It provides:
Actions against insurance companies, groups of insurance companies or an insurance association may be brought in any county in which a loss may occur, or, if on a life policy, in the county in which the beneficiary resides, and process may be sent to any county, to be served as directed by law. Such actions may also be brought in the county where the principal place of business of such corporation or company may be. In case of a foreign corporation or company, such actions may be brought in the county where service of process may be had on an agent of such corporation or company... .
Under this part, if process is served on a foreign insurance company's resident agent for process the foreign insurance company may be sued in any one of three places: in the county where the loss occurred, in the county where the beneficiary resides, if on a life insurance policy, or in the county where the resident agent is served. In our jurisprudence, for venue purposes a foreign corporation designating a resident agent for process is treated no differently than a domestic corporation. Mississippi Code Annotated section 11-11-3 (1972); Sanford v. Dixie Constr. Co., 157 Miss. 626, 635, 128 So. 887 (1930).
Fireman's Fund Insurance Company v. Cole, 169 Miss. 634, 152 So. 872 (1934), and Thompson v. Commonwealth Life Insurance Company, 198 Miss. 515, 23 So.2d 539 (1945), relied upon by defendants, are unavailing to them. Fireman's Fund held that if process is served on the state insurance commissioner under the second part of section 11-11-7, venue is in the county where the loss occurred or the plaintiff resides. The Court specifically declined to say where venue lay when service of process was upon the resident agent of a foreign insurance company because the plaintiff in that case admitted that the recipient of process in the county where suit was filed was not an agent of the defendant. Thompson did not answer this question but did hold that a foreign insurance company could be sued in the county where its resident agent for process was served.[3]
In our judgment the lower court correctly ruled that service of process upon the resident agents allowed venue to attach in the county where the loss occurred.

II.
The law is now well settled that when one has the custody, care or possession of property for another as bailee, he may, although he has no pecuniary interest therein and is not responsible for its safe keeping, insure it in his own name for the benefit of the owners, and recover the whole loss. California Ins. Co. v. Union Compress Co., 133 U.S. 387, 10 S.Ct. 365, 33 L.Ed. 730 (1890); Penn v. Commercial Union Fire Ins. Co. of New York, 233 Miss. 178, 101 So.2d 535 (1958); Hope Oil Mill, Compress and Mfg. Co. v. Phoenix Assurance Co., 74 Miss. 320, 21 So. 132 (1896).

III.
Defendants concede that plaintiff, as bailee, may recover cash value for the six bales of cotton which had not been sold by bailors. Nevertheless, they contend that, *810 on the remaining twenty-five bales of cotton, plaintiff may recover no more than the price at which bailors contracted to sell the cotton.
Each of the policies contains the following provisions:
... $12,500.00 on Baled and Unbaled Cotton, Seed Cotton, Cotton Seed, Baled Motes, Bagging and Ties, including sacks and packages containing same, owned or held in trust by insured, or for which insured may be liable (except as hereinafter excluded), ...
......
... does insure the insured named in the Declarations and legal representatives, to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, ... nor in any event for more than the interest of the insured, ...
Defendants argue that to allow recovery of the cash value of the cotton at the time of the loss would place the bailors in a better position than they would have been had there been no fire. This argument overlooks the fact that a bailee may insure property entrusted to him for the cash value, and points only to the interest of the bailors, who, more than nine months before the loss, contracted to sell all cotton produced on designated farms to purchasers for 30 cents per pound. The contract provided for delivery of the cotton by the bailors. They were unable to deliver the cotton because of the intervening fire which destroyed the cotton. The purchasers were interested in having the cotton delivered at the contract price because they had purchased it more than nine months earlier at a lesser price. Without deciding whether or not bailors would be required to deliver cotton destroyed by fire, not due to their negligence, the fact remains that the cotton had a cash value of 78.45 cents per pound at the time it was destroyed by fire.
The policies of insurance were contracts whereby the defendant insurance companies agreed to pay the cash value of the cotton at the time of loss. Who will ultimately collect the proceeds of the insurance policies is of no consequence to defendants whose contracts were with the bailee, not with the bailors or purchasers.
Defendants also maintain that the provision of the policy "nor in any event for more than the interest of the insured" limits the interest of plaintiff, as bailee, to the interest of bailor. In Penn, supra, the Court pointed out that the standard fire policy there involved and the entire language dealt with and pointed to insurance on property rather than on liability. The same principle applies to this case. The question is not the liability of plaintiff, as bailee, to bailors, and bailors to purchasers, but the construction of insurance contracts between plaintiff and defendants.
Defendants insured cotton against loss by fire and collected the premium therefor. When the cotton covered by the policies was destroyed by fire, defendants were obligated to pay insured for the loss in accordance with the terms of the policies, "actual cash value ... at the time of loss."
Had the cotton decreased in value from 30 cents per pound from time of sale to 20 cents per pound at time of loss, defendants could have logically argued that their liability was limited to the terms of the policies: cash value at the time of the loss. The policy terms also govern the liability of defendants in the event of an increase in the value of the cotton from time of sale to time of loss: cash value at the time of loss.
Affirmed.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON and WALKER, JJ., concur.
SUGG, J., took no part.
NOTES
[1] The stipulation of facts first quotes 78.95 cents per pound and then 78.45 cents per pound. Judgment was for 78.45 cents per pound.
[2] The second part of section 11-11-7, with which we are not concerned, provides that if service of process is upon the state insurance commissioner, venue against any insurance company, foreign or domestic, lies in the county where the loss occurred or where the plaintiff resides.
[3] In Fireman's Fund the defendant insurance company maintained that if process was served upon a resident agent, venue lay in the county where the loss occurred or where the plaintiff resided. In Thompson the defendant urged that regardless of whether process was served upon the insurance commissioner or the resident agent for process, venue lay only in the county where the loss occurred or where the plaintiff resided.