**Ronald Nick CHICOLA d/b/a Central Louisiana Fisheries**

v.

**SUN INSURANCE COMPANY OF NEW YORK.**

Civ. A. No. 85–1564.

United States District Court, W.D. Louisiana, Alexandria Division.

Sept. 2, 1987.

Gene Cicardo, Alexandria, La., for plaintiff.

Howard Gist III, Alexandria, La., for defendant.

### OPINION

LITTLE, District Judge.

The following findings of fact and conclusions of law result from a nonjury trial held on 23 July 1987. The plaintiff being a Louisiana resident and the defendant being domiciled in New York, this Court's jurisdiction is properly invoked. 28 U.S.C. § 1332.

On a cold snowy night in February of 1985 while parked in a Chicago parking lot, Chicola's truck was burgled. Removed by the wrongdoer were several hundred pounds of fish. The fish were not owned by Mr. Chicola but were transported by him for the true owner, John Guillot. The business arrangement between the owner and the transporter was that Mr. Chicola would deliver the Guillot fish to Guillot's customers. For this service Mr. Chicola would, at some time, receive 10 cents per

---

pound of fish hauled. Mr. Chicola did not sell the fish, did not seek new customers for Mr. Guillot nor act as a collection agent. He merely delivered the Guillot product to customers with whom Guillot had a sales arrangement as to price to be paid and the object to be delivered. At the time of the theft Chicola had an insurance policy issued by the Sun Insurance Company of New York. At issue is the question of whether payment is due by Sun under the insurance policy, to whom is payment due and whether the failure of Sun to tender timely payment was arbitrary and capricious, thereby triggering the penalty provisions of La.Rev.Stat.Ann. § 22:658.

The policy, with all riders attached, was introduced by the plaintiff without objection as exhibit 5. It is that policy which is the contract between the parties. *Savoie v. Fireman's Fund Insurance Co.*, 347 So.2d 188 (La.1977).

The intellectual exercise which must be performed by the Court is apparent. The only plaintiff is not the owner of the property stolen. The only defendant provides coverage if property is stolen. But is the policy a contract which insures property as a result of theft or does the policy insure the property possessor's liability as a result of theft? The answer to this thorny question is critical to the determination of the case *sub judice*.

The language of the policy causes this Court to conclude that the carrier's liability is the subject of the insurance policy, not the property being transported by the carrier. A number of quotations from the policy support this conclusion. For example, the assured is Central Louisiana Fisheries (which is stipulated to be the sole proprietorship owned and operated by plaintiff Ronald Nick Chicola). The coverage afforded under the policy states:

> COVERAGE On the *liability* of the Assured, as carrier, on lawful goods and merchandise the property of others consisting principally of....
>
> This Policy covers the Assured's *liability* from the time the merchandise leaves the premises ... until unloaded at destination.... (Emphasis supplied.)

The "PERILS INSURED" portion of the policy states:

> This Policy covers the *liability* of the Assured, as carrier, for loss or damage directly caused by ... vandalism and malicious mischief. (Emphasis supplied.)

To a lesser extent but supplying analagous insight is the "EXCLUSIONS" portion of the policy:

> This Policy does not cover the Assured's *liability* for loss or damage.... (Emphasis supplied.)

Another portion of particular interest is entitled "Admission of *Liability*" (emphasis supplied):

> The Assured shall not voluntarily admit any *liability* nor settle any claims nor incur any expenses.... In the event of legal action being brought *against the Assured* in respect of alleged loss or damage which might constitute a claim under this Policy.... (Emphasis supplied.)

A suit against the company is governed by the following language:

> No suit or action shall lie against this Company to recover for any loss under this Policy unless it shall be brought by the Assured for loss actually sustained and *paid* by the Assured.... (Emphasis supplied.)

The clear policy language leads to no other conclusion than payment will not be made unless the carrier (the plaintiff in this case) is legally liable for the loss. The analysis applied in *United States v. Globe & Rutgers*, 104 F.Supp. 632 (N.D.Tex.1952) and in the same matter on appeal, 202 F.2d 696 (5th Cir.1953) is impressive and convincing. The policy language does not indemnify the assured for loss of property in which it has a monetary interest. The policy covers losses to property in which the carrier, as compensated bailee, has an insurable interest because of his duty to account to the true owner.

Chicola's claim must fail since he has not actually sustained and paid the loss. The loss suffered was by Guillot, the owner of the fish. Chicola did not own the fish and neither did he present evidence showing that he in some way became subrogated to

Guillot's claim. It is axiomatic that "an action shall be prosecuted in the name of the party who, by the substantive law, has the right sought to be enforced." 3A J. Moore, *Moore's Federal Practice*, § 17.07; *New Orleans Public Service v. United Gas Pipe Line*, 732 F.2d 452 (5th Cir.1984).

Chicola also claims that he is at least entitled to recover his fee of 10 cents per pound for transporting the fish. This theory of recovery is precluded by the terms of the policy, which restricts liability "to the actual cash value of the merchandise lost."

In sum, plaintiff has failed to demonstrate standing to bring the claim against the defendant. That being the case, the defendant's failure to pay timely was neither arbitrary nor capricious. Accordingly, the claims of Ronald Nick Chicola are DISMISSED with prejudice at his cost.