B. N. EXTON & Co., INC., Respondent, *v.* HOME FIRE AND MARINE INSURANCE COMPANY et al., Appellants.

(Argued October 16, 1928; decided November 20, 1928.)

*Edgar J. Nathan* for appellants. Fire insurance is a contract essentially personal in its nature. It does not insure property but the interest of the insured named in the policy. (*Brownell* v. *Board of Education*, 239 N. Y. 369; *Lett* v. *Guardian Fire Ins. Co.*, 125 N. Y. 82; Richards on Ins. [3d ed.] § 60.) The trust and commission clause is essentially different from the clause " on account of whom it may concern." (*Hooper* v. *Robinson*, 98 U. S. 528; *Hagan* v. *Robinson*, 98 U. S. 528; *Palmer* v. *Great Western Ins. Co.*, 10 Misc. Rep. 167.)

*Robert Kelly Prentice* for respondent. A policy on goods held in trust or on commission will cover all the goods with which the party procuring the policy is intrusted, and is not confined to goods held in trust, in the strict technical sense, but extends to ordinary bailments. (*De Forest* v. *Fulton Fire Ins. Co.*, 1 Hall, 84; *Lee* v. *Adsit*, 37 N. Y. 90; *Stillwell* v. *Staples*, 19 N. Y. 401; *Waring* v. *Indemnity Fire Ins. Co.*, 45 N. Y. 606; *Burke* v. *Continental Ins. Co.*, 184 N. Y. 77; *Home Ins. Co.* v. *Baltimore Warehouse Co.*, 93 U. S. 527; *Munich Assurance Co.* v. *Dodwell*, 128 Fed. Rep. 410; *Home Ins. Co.* v. *Minn.*,

*St. Paul, etc., R. R.,* 71 Minn. 296; *Herkimer* v. *Rice,* 27 N. Y. 163; *Symmers* v. *Carroll,* 207 N. Y. 632.)

CRANE, J. In October of 1922, Miller, Tompkins & Co. ordered nineteen rolls of paper from the Brown Company. The former company was a domestic corporation, manufacturing paper bags and sacks; the latter a foreign corporation manufacturing paper. The rolls of paper were delivered at 485–487 Washington street, Manhattan borough, New York city, the purchaser's place of business. The paper was rejected as not of the quality ordered and by agreement the purchase was canceled. Brown Company, however, requested Miller, Tompkins & Co. to hold the merchandise in its place of business for further instructions. The paper remained in the premises of Miller, Tompkins & Co. until it was destroyed by fire on January 13, 1923.

The defendants had insured Miller, Tompkins & Co. against loss by fire, the policies covering " on stock, materials and supplies, including labor performed thereon in all stages, including packages and labels, contained in said premises No. 485–487 Washington Street, New York City, the property of the assured or held in trust or on commission, or sold but not delivered or held on joint account with others and also the property of others for which the assured may be or agree to become liable in case of loss or damage by fire."

The insured had not agreed to become liable for the property of the Brown Company in case of loss or damage by fire, and was not liable for any negligence in causing the fire.

Miller, Tompkins & Co. refused to include any claim for such merchandise belonging to the Brown Company in its proof of loss.

The property of Miller, Tompkins & Co. was also damaged and destroyed to the amount of $55,049.69, the total amount of the insurance under the policies

issued by the defendants being $61,000. There was insurance sufficient to cover all losses.

With notice of the claims and the loss of the Brown Company, the defendants settled with Miller, Tompkins & Co., but failed and refused to pay the loss of the Brown Company, denying all and any liability to it under the policies. The defense is that the policies covered only the property of Miller, Tompkins & Co. and not that which it held as bailee. The Brown Company, on the other hand, claim that under the " trust and commission " clause, so called, the policies covered its nineteen rolls of paper which the Miller, Tompkins Co. was holding in its place of business.

The plaintiff in this action is an assignee of the Brown Company's claim.

We are of the opinion that the policies in this case covered the Brown Company's paper. It was property " held in trust " by the Miller, Tompkins Co. for the Brown Company, within the meaning which has been given to these words in the insurance business and insurance law.

" The words ' in trust ' may, with entire propriety, be applied to any case of bailment, where goods belonging to one person are entrusted to the custody or care of another, and for which the bailee is responsible to the owner." (*Stillwell* v. *Staples*, 19 N. Y. 401.)

" The phrases describing property ' as held in trust,' or ' on commission,' and kindred terms, in a policy to an agent, factor or the like, have been held as giving to the owner of the property a right to take the place of the insured, to adopt the contract, and to enforce it in his own name or that of his agent." (*Waring* v. *Indemnity Fire Ins. Co.*, 45 N. Y. 606, p. 610, p. 612. See, also, *Lewis* v. *Home Insurance Co.*, 199 App. Div. 556; affd., without opinion, 234 N. Y. 498; and *Home Insurance Co.* v. *Baltimore Warehouse Co.*, 93 U. S. 527, where it was said that the phrase " held in trust " is to be understood in its mercantile sense.)

*Utica Canning Co.* v. *Home Insurance Co.* (132 App. Div. 420) was decided upon facts similar to these before us now. While that case did not come to this court, we see no reason for departing from the principles and the result there stated. True, the presiding justice in his opinion included a quotation which said that this form of " trust or commission " policy is similar in its legal effect to the policy " for whom it may concern," and arises in much the same way. Even though the latter clause, generally found in marine policies, is much broader than the former phrase used in fire insurance policies (*Hooper* v. *Robinson,* 98 U. S. 528, 537), the reasoning of the opinion is correct and would not be affected by omitting the comparison.

The Brown Company's paper was, therefore, covered by the defendant's policies. Yet it will do the company little good unless this action can be maintained. Miller, Tompkins Co. refused to include the loss in its proof of claim; it settled for the damage to its own property, leaving out the Brown Company, and of course refused to maintain any action on the policies in behalf of the latter company. Its position was and is that the policies did not cover the Brown Company's damage. The insurance companies took a like position and settled with the Miller, Tompkins Co., knowing of the Brown Company's loss and claim. Unless this action lies, the Brown Company and its assignee are without remedy. Such lapses the law seeks to avoid.

What would be the procedure if an insured included in his proof of loss the damage suffered to his bailor's property and was willing to undertake its collection, we are not called upon to decide upon the facts here presented.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, ANDREWS, KELLOGG and O'BRIEN, JJ., concur; LEHMAN, J., not sitting.

Judgment affirmed.