ISABELLA B. HOFFMAN and Others, Plaintiffs, *v.* FIREMAN'S FUND INDEMNITY COMPANY and LOUIS SIEGEL, Defendants.*

City Court of New York, Special Term, New York County, December 20, 1935.

*Greenhill & Greenhill*, for the plaintiffs.

*Robert E. Curran*, for the defendants.

*Affd., App. Term, First Dept., N.Y. L. J. May 13, 1936, p. 2449; 248 App. Div 866.

RYAN, J. This is an action upon a policy of burglary insurance brought by various bailors of the assured for loss of their property concededly taken by burglars while in the possession of the assured.

Plaintiffs and defendant company both move for summary judgment.

In *Exton & Co.* v. *Home Fire & Marine Ins. Co.* (249 N. Y. 258) the court said (at p. 262): " What would be the procedure if an insured included in his proof of loss the damage suffered to his bailor's property and was willing to undertake its collection, we are not called upon to decide upon the facts here presented."

In the case at bar the assured did in fact file a claim for the loss of the property of his bailors, these plaintiffs, and thereafter effected a settlement with the defendant insurance company, executing and delivering to the latter a general release.

Clause B of the policy in suit reads as follows: " The property covered hereby may be owned by the Assured or held by him as bailee or in trust or on commission or for safe-keeping or as collateral for indebtedness to the Assured or held by the Assured in any capacity that would render him liable to the owner thereof for such loss or damage as is covered hereby. In the event of a claim hereunder for loss of or damage to property held in any such capacity by the Assured the Company may adjust such loss either with the Assured or with the owner or owners, and payment of such loss or damage to such owner or owners shall constitute a full satisfaction of any claim made hereunder by the Assured for such loss or damage. If legal proceedings are taken against the Assured to recover for such loss or damage the Assured shall immediately notify the Company in writing and the Company may conduct and control the defense in the name and on behalf of the Assured."

This clause of the policy, fairly construed, gives the company the option of adjusting the loss in question either with the assured or with the bailors as owners of the property. The company in the instant case adjusted the loss with the assured as it had a right to do, and received a general release from the latter which on its face would seem to cover the entire loss for which claim was filed by the assured, including the loss of the property of these bailors, to whom the assured in turn owned a certain duty under the terms of receipts which he had given them, these receipts requiring the assured to " insure against loss or damage by fire or theft," the articles delivered to him for safekeeping by these plaintiffs.

The court is of the opinion that a settlement of the entire loss entered into in good faith between the defendant company and the insured and honestly intended to include the property of these

bailors would, under the provisions of the policy in suit, prevent the bailors from thereafter maintaining an action against the assurer, and would leave them a right of action only against the company to whom they had intrusted their property.

While it is not suggested in the motion papers that bad faith entered into the settlement here made, nevertheless this is a matter about which plaintiffs should have a right to examine and cross-examine witnesses on the trial. In view of the possibility that some facts regarding the settlement not now appearing may be developed at the trial, the defendant's motion for summary judgment should be denied.

Plaintiffs' motion for summary judgment is also denied. Order signed.