P. WALKER MORRISON and Others, as Trustees under a Declaration of Trust Dated the 27th day of March, 1936, and a Plan of Reorganization for Series B-K Mortgage Investments, Approved by an Order of the Supreme Court of the State of New York, Entered on the 19th Day of December, 1935, Plaintiffs, *v.* PHILIP WARREN, as Trustee in Bankruptcy of ESTELLE S. FIELDS, Doing Business under the Firm Name and Style of KLEEN-RITE PROCESS Co., KLEEN-RITE PROCESS CORPORATION and FRANKLIN NATIONAL INSURANCE COMPANY, Defendants.

PHILIP WARREN, as Trustee in Bankruptcy of ESTELLE S. FIELDS, Doing Business under the Firm Name and Style of KLEEN-RITE PROCESS COMPANY, Plaintiff, *v.* FRANKLIN NATIONAL INSURANCE COMPANY OF NEW YORK, Defendant.

(Consolidated Actions.)

Supreme Court, Special Term, New York County, April 9, 1940.

*Kramer & Kleinfeld,* for the plaintiff trustees.

*Prince & Loeb,* for the defendant Franklin National Insurance Company of New York.

*Edwin M. Slote,* for the defendant Philip Warren, as trustee in bankrputcy, etc.

*Isidore Rose,* for Estelle S. Fields.

WASSERVOGEL, J. On July 17, 1939, a fire occurred in the premises of Estelle S. Fields which destroyed personal property previously delivered to her by the plaintiff trustees and some 400 other customers for cleaning and processing. This property was insured by a policy in the amount of $50,000 issued by the defendant insurance company to Fields. Among other things, the policy provided, in effect, that the insurance was for the benefit of the customers of Fields as bailors and that the insurance company could, in the event of loss, make payment directly to the customers. It is conceded that the amount of the claims of the customers greatly exceeds the amount of the insurance. Plaintiff trustees, with a claim of $4,541.38, filed a proof of loss with the insurance company and the assured, Fields. Ascertaining that Fields was financially irresponsible, the trustees instituted suit against Fields and the insurance company in September, 1939, on behalf of themselves and all the other customers who suffered loss in the fire. A representative action pursuant to the provisions of section 195 of the Civil Practice Act was proper under the circumstances because the question, as one of common interest to the trustees and the other customers, relates to the same limited (insurance) fund and arises out of the same (insurance) contract. (*Guffanti* v. *National Surety Co.,* 196 N. Y. 452.) Before issue was joined in this action, Fields, upon her consent, was adjudicated a bankrupt in the United States District Court, Southern District of New York. The receiver in bankruptcy appointed in this proceeding moved for an order in the United States District Court directing the insurance company to pay over the proceeds of the insurance to him. The application was denied by District Court Judge COXE on December 17, 2939.

Fields, shortly before her adjudication as a bankrupt, had on December 7, 1939, instituted the second of the above-entitled actions in Bronx county to recover the insurance money. Thereafter a trustee in bankruptcy was appointed for Fields who was substituted for her in the pending actions which were later consolidated.

Three motions are now before the court, namely: (1) A motion by the trustees for summary judgment; (2) a motion by the insurance company for judgment substantially similar to that requested by the trustees; and (3) a motion by the trustee in bankruptcy for judgment directing that the insurance moneys be turned over to him for distribution as an asset of the Fields estate.

I do not believe that the trustee in bankruptcy is entitled to possess this fund and administer it in the Federal Bankruptcy Court as part of the general estate of the bankrupt Fields. The relationship between the customers and Fields was that of bailor and bailee for hire and the insurance money herein belongs to the customers who suffered loss in the fire and not to Fields or her estate. (*Utica Canning Co.* v. *Home Ins. Co.*, 132 App. Div. 420; *Exton & Co.* v. *Home Fire & Marine Ins. Co.*, 249 N. Y. 258.)

The motion of plaintiff trustees is granted.

Oscar Aronson, Esq., 11 West Forty-second street, is appointed referee to (1) take proof of and fix the amount of the claims and make distribution of the insurance fund; (2) take proof and report with his opinion as to the value of the services rendered by Isidore Rose.

The motion of the defendant insurance company is granted except that costs and disbursements will not be allowed. The motion of the trustee in bankruptcy is denied. The referee will also act as custodian of the fund without compensation. As such custodian he is to furnish a bond, the amount of which will be fixed in the interlocutory judgment to be submitted on notice. The cost of the bond and the expenses of the reference will be paid out of the estate.