Elsie Rappaport, Appellant, *v.* Phil Gottlieb-Sattler, Inc., et al., Respondents.

Phil Gottlieb-Sattler, Inc., Third-Party Plaintiff, *v.* Sidney Kissin et al., Copartners Doing Business under the Name of Kissin Bros. Parcel Service, Third-Party Defendant.

First Department, July 7, 1952.

*Joseph Haskell* of counsel (*Emmet L. Holbrook* with him on the brief; *Joseph Haskell,* attorney), for appellant.

*Paul D. Compton* of counsel (*Robert M. Kieval* with him on the brief; *Rein, Mound & Cotton,* attorneys), for respondents.

PECK, P. J.   While there are differences between the fur storage agreements in this case and in *Howard* v. *Handler Bros. & Winell* (279 App. Div. 72, affd. 303 N. Y. 990) and all that was said in that case is not applicable to this case, the underlying facts and considerations are the same, namely, an unexplained loss of plaintiff's valuable fur coat while under bailment with defendant furrier and a defense based solely upon an attempted limitation of liability amounting to a virtual exculpation from responsibility contained in the fur storage agreement.

The purported valuation of plaintiff's coat at $100 was as nominal as the valuation of $10 in the *Handler Bros.* case, as against an actual value known to defendant furrier, from whom the coat was bought, of over $3,000.   The valuation was thus no declaration of a presumably true value upon which defendant relied or was entitled to rely within the holding of *D'Utassy* v. *Barrett* (219 N. Y. 420) but represented an attempt of defendant furrier to shed its responsibility.   As such, what we said in the *Handler Bros.* case is applicable — the terms of the agreement must be construed most strongly against defendant, and the alleged limitation may be regarded as effective only if it was made absolutely clear.

The agreement here, after a considerable recital relating to acts of God, war, riot, civil commotion, rebellion, insurrection, risks of contraband, and malicious mischief, stretches into a recital that " In the event of loss of or damage to the article or articles listed herein, the basis of settlement between PHIL GOTT-LIEB Co. and the depositor and/or owner shall be the same as the bases of settlement between PHIL GOTTLIEB Co. and the insurance company or companies.   PHIL GOTTLIEB Co. and the insurance company or companies will not be liable for more than the amount stipulated herein, nor for more than the cost to repair

or replace the article or articles with materials of like kind and quality nor in any event for more than the actual cash value of the article or articles at the time of the loss or damage. PHIL GOTTLIEB Co. reserves the right to repair any damage and restore the article or articles to as good condition as when the loss occurred or to replace any loss with materials of like kind and quality. It is agreed that the amount stated herein is for the purpose of informing PHIL GOTTLIEB Co. of the amount of insurance they shall effect. In no event however shall the liability of PHIL GOTTLIEB Co. exceed the amount herein stated.''

There is nothing in the agreement specifying a '' stipulated '' amount which will represent the limit of liability. The only reference to value is the figure $100 under the heading '' value '' after a description of the coat.

Whatever a lawyer-like reading of this agreement might suggest as to defendant's intention, it would be far from clear to a housewife, who is not expected to parse the agreement with a magnifying glass and lexicon. Fur storage agreements are not to be treated as indentures. It is altogether reasonable to require, as the law does require, that limitations of liability in such agreements be explicit and sufficiently simple that a running reading will reveal a clear meaning.

As we study the agreement in question, it appears that four different measures of liability are stated without indicating which is to apply in what event. First, it is stated that the '' basis '' of settlement between the furrier and the depositor shall be the same as the '' bases '' of settlement between the furrier and the insurance company, although nothing is indicated as to what those '' bases '' might be. Then it is stated that the furrier and the insurance company will not be liable for more than the amount '' stipulated '', although there is no '' stipulation '', nor for more than the cost to repair or replace the article, nor in any event for more than the actual cash value of the article. In the insurance policy issued to defendant furrier by defendant insurance company, these last three alternatives are stated as the measure of liability, but the clause '' whichever is least '' is added, whereas no such clause is contained in the fur deposit agreement. The document as issued by defendant furrier is hardly intelligible; at best it is not susceptible to ready understanding.

We need not pass upon the admissibility or credibility of the testimony as to the alleged conversation between defendant's office employee and plaintiff prior to issuance of the storage receipt. Nor need we consider whether a required condition

of a storage contract limiting a furrier's liability is offering the customer selective valuations at alternative rates. We decide this case upon the requirement of precise and clear provisions for limiting liability and the lack of such clarity or ready understandability in this agreement.

As to the right of plaintiff against defendant insurance company on the excess legal liability indorsement, it is to be noted that the undertaking of the insurance company is to pay " on behalf of the assured " all sums which the assured shall become obligated as a bailee to pay to a customer for damage because of loss of property. While the insurance company would be under no greater liability to the customer than to the assured, and any defense which it might have to a claim over by its assured could be availed of to defeat liability to the customer, it is acknowledged here that the insurance company will be liable to the assured for whatever its liability may be to plaintiff. In that situation, under the agreement to pay on behalf of the assured all sums for which it is liable, plaintiff may recover directly on the policy.

The judgment appealed from should be modified and judgment in the amount of $3,250, with interest from December 9, 1949, should be entered against both defendants, with costs to appellant.

COHN, CALLAHAN, VAN VOORHIS and FOSTER, JJ., concur.

Judgment unanimously modified and judgment in the amount of $3,250, with interest from December 9, 1949, is directed to be entered against both defendants, with costs to the appellant. Settle order on notice.