George Fraykenthaler, S.
On this motion for reargument of the application to determine, the validity and effect of deceased’s contract to bequeath, the court adheres to its original decision. Movants rely upon an agreement between decedent and the persons interested in the estate of his deceased brother, *1096 Max, which provided for the discharge of testator’s obligations to Max’ widow and daughter and which recited certain moral obligations toward members of the family. However, the agreement, executed in 1939, expressly negates the interpretation placed upon it by the moving parties for in paragraph 3 thereof it is stated: “ The words, ‘ if any’, are inserted in this paragraph because the parties hereto hereby agree that nothing in this agreement contained shall be construed to mean that any of the parties hereto admit or concede that * * * the obligations referred to * * * represent valid binding and enforceable contracts.”
Reference has also been made to the close relationship between the brothers and other members of the family, from which it is concluded that the brothers must have intended to benefit these relatives. In its prior decision herein (29 Misc. 2d 1090) the court ruled that the contracting parties did not intend to create rights enforeible by these movants. To the extent that the offer of proof relates to a contrary, unexpressed intention, existent at or prior to the dates of the contracts here in controversy, the admission thereof would be prohibited by the parol evidence rule. (3 Williston, Contracts [Rev. ed.], § 647.) Even if this prohibition were not present movants could not succeed. Assuming the existence of a moral obligation on the part of the contracting parties, which obligation is a prerequisite for the creation of the status of donee beneficiary (see Reaver v. Ransom, 224 N. Y. 233; Matter of Pincus, 202 Misc. 482, 489), movants are required to go further and demonstrate an intention on the part of decedent and his brother to benefit them (see Riegel v. Central Hanover Bank & Trust Co., 266 App. Div. 586, 591). In this respect, also, is the offer of proof insufficient. The decree may now be submitted in accordance with this and the prior decision.