HANNAH RAPPAPORT, Plaintiff, *v.* STOEFER BROS., INC., Defendant.

City Court of the City of New York, Trial Term, New York County, March 2, 1955, on reargument.

*Charles Werner* for plaintiff.

*George I. Janow* for defendant.

BAER, J. This case was tried before a jury which disagreed. The plaintiff's motion for a directed verdict was denied and this is a motion for reargument and for an order directing judgment for the plaintiff.

The plaintiff stored two fur coats with the defendant on April 18, 1952. One coat was returned but a natural wild mink coat valued by the plaintiff at $4,000, including excise and sales taxes, was stolen from defendant's premises on May 9, 1952. The evidence shows that plaintiff left the mink coat for cleaning and storage in the cold storage vaults maintained on defendant's premises. There is some testimony that defendant kept the coat in a rear workroom on the premises from April 18th until the night of the burglary on May 9, 1952. The most favorable testimony to the defendant is that the coat was sent to its other shop for cleaning and was returned to it on May 7th; that the coat was put in the workroom because a cuff needed repairing. Defendant allegedly tried to reach plaintiff on the telephone and could not reach her as she was actually away from home. Two nights later the coat was stolen by persons who cut a hole in the roof of the taxpayer where defendant carried on its business. Nine coats were taken from the workroom but the cold storage vaults were unmolested.

When the coat was left with defendant, the plaintiff testified that the only conversation regarding the value of the garment was that defendant's officer asked if the coat was insured and

plaintiff said " yes ", to which defendant replied, " We have insurance too." Defendant's officer agreed substantially regarding this conversation but claimed that he added, " I will put down $100 value then and charge you the minimum storage of $3.00 ", to which plaintiff assented. The " receipt " on its face purports to be a " Cold Storage Receipt ", in bold letters. It makes no reference to " contract " or " agreement " and only refers in small print to the " conditions on other side ". However, in pencil, in a space provided, there was written on this paper by defendant's officer the following:

| Article | Repairs to be done | Charges | Value |
|---------|--------------------|---------| ------|
| Wild Mink Coat | | $3.00 | $100 |
| | clean | $10.00 | |

Signed by defendant by an officer.

Plaintiff claims that she never knew what was written on the paper though she was present when it was written. She thought it was a receipt, put it into her purse, and never looked at it again until she was informed of the loss.

The jury was charged to determine whether defendant as bailee for hire acted as a reasonably prudent person. If not, and so found defendant negligent, the jury was to determine whether plaintiff had notice and assented to the $100 value placed on the garment. If they so found then the verdict would be for $100. If not, it would be for the fair and reasonable value of the coat.

Similar bailments have been before the courts frequently in recent years. However, none have seemed to provide the three issues here presented. Several cases have been decided on the printed wording of the " receipt " alone. (*Howard* v. *Handler Bros. & Winell,* 279 App. Div. 72, affd. 303 N. Y. 990; *Rappaport* v. *Phil Gottlieb-Sattler, Inc.,* 280 App. Div. 424, affd. 305 N. Y. 594; *Abend* v. *Haberman,* 281 App. Div. 262.) The receipt in the instant case is not too dissimilar to the ones referred to in the cases cited, except that this receipt does exempt the defendant from its own negligence, " beyond values herein specified." In the cited cases negligence of the bailee was not an issue. The court refused to go into the " ticket and carrier " cases. Thus, the question of notice to bailor of limitation of liability and bailor's assent was not discussed. In deciding that the limitation clauses did not preclude plaintiff from recovering the fair and reasonable value of the lost garment, the Appellate Division, First Department, pointed out that the language in the " receipt " was ambiguous; that it was against public policy

to permit a limitation of liability for negligence unless the language was clear and unequivocal. It was stated that the language must be termed so explicitly and " ' sufficiently simple that a running reading will reveal a clear meaning.' " (*Abend v. Haberman, supra*, p. 264.)

In my opinion the printed provisions of the receipt in the case at bar are, by themselves, not sufficient to limit liability. The front of the paper is clearly called a " Cold Storage Receipt ", and there is only slight reference to inclusion of the limitation of liability clauses which appear in small print on the reverse side of the receipt. This paper by itself can only be construed as a receipt identifying the stored chattel. If this was the only issue for determination the court would be justified in directing a verdict for the plaintiff on this issue. However, there are other questions. The conflicting testimony with respect to the negligence of the bailee, requires the submission of this issue to the jury as a question of fact. The retention of the coat in the workroom for two days or even longer, under certain circumstances testified to by the bailee, may not be negligent. The court should not decide that it was negligence as a matter of law.

Further, the conflict of testimony on the agreement as to value written into the receipt is also a question of fact for the jury. Even if the instrument as printed alone, is not valid as an agreement limiting liability, there are other factors to be considered. The receipt does contain a definite clause limiting defendant's liability for negligence to the value stated on the face of the receipt. There is the inclusion of a value written into the receipt; the payment of a storage fee based upon such value; the fact that the plaintiff carried insurance; and the testimony of the knowledge and assent by the bailor to such limitation.

Here we must refer to the so-called " ticket and carrier " cases. Undoubtedly a receipt containing printed clauses limiting liability of the bailee, when bailor has no notice of the limitation and does not assent thereto, is not binding. The plaintiff expecting to receive a ticket or instrument merely identifying a chattel cannot be presumed to have agreed to anything further. (*Healy* v. *New York Central & H. R. R. R. Co.*, 153 App. Div. 516, affd. 210 N. Y. 646; *Klar* v. *H. & M. Parcel Room*, 270 App. Div. 538, affd. 296 N. Y. 1044.) In another line of cases, sometimes called the " carrier cases " or " express cases " where receipts contain limitations or agreement clauses, there have been decisions upholding such limitations. These have been decided on the theory that a shipper is presumed to know that they contain a binding agreement and as prudent persons should read the

contents. Important also in some of these cases is the fact that the charges for shipping increase with the value placed thereon. (*Reichman* v. *Compagnie Generale Translantique,* 290 N. Y. 344; *Murray* v. *Cunard S. S. Co.,* 235 N. Y. 162; *Kirkland* v. *Dinsmore,* 62 N. Y. 171; *Gardiner* v. *New York Central & H. R. R. R. Co.,* 201 N. Y. 387; *Boyle* v. *Bush Terminal R. R. Co.,* 210 N. Y. 389.)

In the instant case, plaintiff contends that if the receipt as presented is not clear in itself to limit liability, the value written on the face of the receipt, the charge made for storage, and notice to and assent by plaintiff-bailor to the "agreed" value would not make the limitation effective. With this I disagree. I subscribe to the decisions holding that when there is a stated valuation which does not reflect the true valuation of a bailed article, the terms of the agreement must be construed most strongly against the bailee. Also, that the alleged limitation will be given effect only if the agreement is clear in its intent and purpose. (*Howard* v. *Handler Bros. & Winell, supra*; *Rappaport* v. *Phil Gottlieb-Sattler, Inc., supra*; *Abend* v. *Haberman, supra.*) However, there are elements in the conflict of testimony in this case which in my opinion are questions of fact for the jury. If the jury should determine that the one hundred-dollar value was agreed upon by the plaintiff-bailor, and well they might in view of the other circumstances, then the form of the receipt should not prevent enforcement of the alleged basic agreement as to limitation of defendant's liability to the amount of value agreed upon. If the jury should determine this factual question in favor of the plaintiff, then of course, plaintiff would be entitled to the fair and reasonable value of the chattel.

The motion for reargument is granted and upon such reargument the previous decision is adhered to and the motion for a directed verdict is denied. The case is remanded to the head of the Trial Term, Part III Calendar for trial on March 15, 1955.