**FIRE ASSOCIATION OF PHILADEL-PHIA, Ben Wacek and Mabel E. Wacek, Plaintiffs-Appellants,**

v.

**SAKS & CO., Inc., Defendant-Appellee.**

**No. 309, Docket 23473.**

United States Court of Appeals Second Circuit.

Argued April 21 and 22, 1955.

Decided June 13, 1955.

Samuel Pivar, New York City, for plaintiffs-appellants.

George I. Janow, New York City, for defendant-appellee.

Before FRANK, MEDINA and HINCKS, Circuit Judges.

MEDINA, Circuit Judge.

Plaintiff Mabel E. Wacek purchased a fur coat from defendant Saks & Co., Inc., for $5,100 and took out a policy of insurance in that amount with plaintiff Fire Association of Philadelphia. Later she delivered it to defendant for minor repairs and for summer storage. As she was already insured, Mrs. Wacek gave a valuation of $500 when the bailment was made. This was done with full knowledge on her part that defendant was in no event to be liable for anything in excess of this valuation; and, as she was already insured, it was quite natural that she should desire not to pay the additional charges which would have been payable had she chosen to state the actual value of the coat. Defendant failed to return the coat and has conceded negligence.

Plaintiff insurance company paid Mrs. Wacek the full amount of its policy, and the claim in this action for $6,800 is based upon an alleged increase in the value of the coat after the original sale, the insurance company seeking so much of this recovery as may be due to it by way of subrogation.

As this is a diversity case and governed by New York law, appellants insist that certain decisions by the Appellate Division of the New York Supreme Court, First Department, Abend v. Haberman, 1953, 281 App.Div. 262, 119 N.Y.S.2d 488; Rappaport v. Phil Gottlieb-Sattler, Inc., 1952, 280 App.Div. 424, 114 N.Y.S.2d 221, affirmed 1953, 305 N.Y. 594, 111 N.E.2d 647; Howard v. Handler Bros. & Winell, Inc., 1951, 279 App.Div. 72, 107 N.Y.S.2d 749, affirmed 1952, 303 N.Y. 990, 106 N.E.2d 67, "have crystallized the interpretation of the very type of fur storage receipt herein under consideration" in such fashion as to nullify the clause limiting liability to the value stated in the receipt. But those cases merely hold that "where the stated valuation in a fur storage receipt does not reflect the true valuation of the bailed article, the terms of the agreement will be construed most strongly against the furrier-bailee, and the alleged limitation will be given effect only if the agreement is absolutely clear in its intent and purpose." Abend v. Haberman, supra, 281 App.Div. at page 264, 119 N.Y.S.2d at page 491.

But here the clause is "absolutely clear," and the trial court has found on more than sufficient evidence that Mrs. Wacek understood that defendant's liability was restricted to the valuation she gave at the time of the bailment. The receipt, which gives defendant's policy number as 10150 and states charges of only $10 for storage and $15 for the work to be done on the coat, contains the following:

> "Storage charges are based upon the value specified for the article or articles covered by this receipt by the depositor whose name appears on the face of this receipt, and such value is declared and agreed to be the full valuation of such article or articles. In the event of a total loss for which we may be liable under this agreement, our liability shall not exceed said value."

This is a precise and unambiguous statement and must be deemed applicable to loss by defendant's negligence, as here. True it is that the opening paragraph of the receipt states, "we agree to store and keep insured against loss or damage by moths or fire or theft," but that in no way obscures the meaning of the principal clause above quoted. Defendant did agree to insure against loss or damage "by moths or fire or theft," without regard to whether or not such loss or damage was in any way attributable to fault or neglect on the part of defendant; but it also agreed that "in the event of a total loss for which we may be liable under this agreement" defendant's liability should not exceed the valuation stated by the bailor. And such liability obviously includes defendant's responsibility for loss of the article through its own negligence or through the negligence of others attributable to it.

Affirmed.