Hecht, J.
(dissenting). The party seeking to escape arbi-
tration in instances such as the one before us invariably contends that it had no knowledge of or did not comprehend the agreement.
The record discloses the following: The agreement has on the face thereof, printed in clear type, the notation that the goods are “ Received From Above Subject to Terms and Conditions Imprinted on the Reverse Side Hereof the agreement was signed by plaintiff’s wife and by defendant when the rugs were *686 picked up; the original agreement was given to plaintiff’s wife and a copy retained by defendant. Plaintiff’s wife admittedly read part of the agreement; she was able to read the “ notice ” on the face of the agreement without difficulty; plaintiff had been doing business with defendant for about eight years and in each transaction defendant gave plaintiff’s wife a copy of the agreement although she could not recall that it was the same form as the one presently in dispute; immediately after the rugs were received at defendant’s plant a confirmation of the order was sent to plaintiff, a copy of which confirmation was signed and returned by plaintiff to defendant.
This is not a case where the party seeking to avoid arbitration is not versed in the English language or is a lay person, nor is this a case where the disputant, because of the terms employed or the size of the printing, requires “ a magnifying glass and lexicon.” (Rappaport v. Phil Gottlieb-Sattler, Inc., 280 App. Div. 424, 426.) The plaintiff is a well-educated and intelligent man and has been a certified public accountant for over 30 years. His wife is a high school graduate and attended college.
I agree with the court below that there is an agreement between the parties to arbitrate. There are mutual obligations imposed on the plaintiff and defendant and I am of the opinion, on all the evidence here, that it cannot be fairly concluded that the parties did not specifically agree that only certain types of claims shall be arbitrated and that plaintiff is not bound at all to arbitrate the dispute.
The order of the Municipal Court should be affirmed, with costs.
Eder and Tilzer, JJ., concur; Hecht, J., dissents in memorandum.
Order reversed, etc.