Max J. Wolff, Ref.
This case was tried before me by consent without a jury. Findings were waived.
The action involves losses of cadmium metal belonging to the plaintiff and contained in drums which were transported in the plaintiff’s behalf by the defendant Tidewater Terminals Transportation Company, Inc., hereinafter called Tidewater, and stored for periods of time in a warehouse of the defendant Harris Warehouses, Inc., hereinafter called Harris.
It has been established by a fair preponderance of the evidence that the losses occurred while the drums were in the storage warehouse of Harris. When it received the drums, in six different shipments, Harris signed receipts which showed them to be “ in apparent good order ”. When they were examined in the warehouse after months of storage, they were found to be in a disturbed condition; apparently they had been opened. The appearance of the drums at the time of this examination and other attendant circumstances strongly indicate that there had been pilfering while the drums were in the custody of Harris, the warehouseman. Not all but some of the contents of various drums were removed. It is not probable that this occurred during the short periods of time the drums were in the possession of the carrier, Tidewater, on six different occasions. The defendant Harris has failed to come forward with any explanation at all for such losses and has not absolved itself of negligence. There is no evidence which would sustain a finding against Tidewater.
On the back of each warehouse receipt covering the shipments in suit is the following printed provision: “ Based on rates charged herein, the responsibility of the warehouse for any piece or package is limited to fifty dollars ($50.00) for any piece *292 or package together with its contents, unless the value hereof is made known at the time of the storing and receipted for in the warehouse receipt.”
This limitation of ‘ ‘ the responsibility of the warehouse ’ ’ did not serve to relieve such bailee from liability for its own fault or negligence (cf. Howard v. Handler Bros. & Winell, 279 App. Div. 72, affd. 303 N. Y. 990; Rappaport v. Gottlieb-Sattler, 280 App. Div. 424, affd. 305 N. Y. 594; Abend v. Haberman, 281 App. Div. 262, 264-265). Although the plaintiff did not specifically inform Harris of the value of the contents of the drums, nevertheless Harris knew that they contained cadmium metal and the weight of the metal. It had stored similar merchandise for the plaintiff over many years. It is reasonable to infer that it was aware of the fact that the contents of each drum had a value much in excess of $50. Moreover, the president of Harris testified that he had never spoken with anyone representing the plaintiff about rates based on values; that he had never discussed the question of released value until after the losses occurred; and also that the rates actually charged were based upon weight, not upon value. No “selective valuations at alternative rates ’ ’ were offered to the plaintiff. It was admitted by Harris that like receipts bearing this unilateral pronouncement concerning limitation of responsibility were used for all customers. The $50 limitation was an arbitrary one, representing a nominal valuation and having nothing to do with the realities of the transactions between the parties. The warehouseman in this case is not entitled to anything better than a strict interpretation of the self-serving declaration on the back of the receipts, one which does not absolve it from liability for a series of losses totally unexplained and attributable only to its own negligence. It is true that the cases hereinabove cited are for divers reasons not precisely applicable, but I think, nevertheless, that by their broad language they have established a rule that a provision such as the one in hand, even if contractual effect be given to it, does not relate to liability for negligence. Fire Assn. of Philadelphia v. Saks & Co. (223 F. 2d 822) perhaps unduly limits the effect of these New York decisions and in any event there are factors which distinguish it from the present situation.
I find that 1,323 pounds of cadmium metal were lost. The schedule set forth in the plaintiff’s brief is in conformity with the testimony except as to the drums in lot NSR 1A/5A. The gross weight of this lot before the loss took place was 1,048 pounds. Under examination before trial, the defendant’s officer, *293 Don, testified to a gross weight, apparently after the loss occurred, of 863 pounds. Thus, 185 pounds were lost from this lot; from the others there was a total loss of 1,138 pounds. I find further that the cadmium metal had a value to the plaintiff of $2.40 a pound. The plaintiff is therefore entitled to recover $3,175.20.
Judgment may be entered in favor of the plaintiff and against the defendant Harris Warehouses, Inc., in the sum of $3,175.20, with interest from April 25, 1952.
The complaint against the defendant Tidewater Terminals Transportation Company, Inc., is dismissed on the merits and the judgment to be entered herein will so provide.