Francis E. Rivers, J.
Motions Nos. 30 and 23 of November 19, 1958 are consolidated.
Motion No. 30 is a motion by the third-party defendant to sever the trial of the main action from the third-party action under section 96 of the Civil Practice Act.
The plaintiffs sue the defendant for $3,640 for conversion and/or negligence against the defendant for loss of mink skins delivered to defendant on consignment and not returned by defendant and breach of an alleged agreement to insure said furs against loss. The defendant and third-party plaintiff *981 impleaded the third-party defendant, alleging that the third-party defendant issued a policy of insurance under which it was obligated to indemnify the third-party plaintiff on “ furs * * * the property of others who are dealers in such property or otherwise engaged in the trade for which the assured may be liable ” against all risks of direct physical loss of or damage for the period commencing February 1,1956 and ending February 1, 1957.
On November 19, 1956 plaintiffs delivered to defendant on consignment 70 dressed wild mink skins. On November 21,1956 these skins were allegedly stolen while in the possession of the defendant.
Defendant in its answer denied that it failed to insure the furs and by way of affirmative defenses alleged that the furs were stolen without any fault or neglect of defendant and alleged that no agreement to insure was entered into between plaintiffs and defendant.
In answer to defendant’s third-party complaint, the third-party defendant alleged that the furs were lost as a result of a mysterious disappearance or unexplained loss, neither of which perils are covered by the policy.
A jury trial in the main action was demanded by defendant but it states that it will waive and “ does hereby waive its right to a trial by jury if it is necessary in order to have the main action and third-party action tried together ”.
The third-party defendant contends that the same jury that will try the issues of fact involved in the main action will also be called upon to determine the questions which arise in the third-party action, and as a result the third-party defendant being an insurance company will be subjected to great prejudice, if the two actions are tried together.
The defendant and third-party plaintiff contends that the jury will necessarily become aware of the presence of insurance whether the main and third-party actions are severed or not inasmuch as the plaintiffs have pleaded breach of an agreement to insure in the second cause of action in plaintiffs’ complaint. Moreover, the defendant and third-party plaintiff consents to the waiver of a trial by jury if such waiver is necessary to secure the joint trial of both the main and third-party actions herein.
It is difficult for one to suppose that the third-party defendant (insurance company) here would hot be subjected to some prejudice if both the main and third-party actions were to be tried before the same jury. The questions involved in the plaintiffs’ action against the defendant (the main action) would be the claimed negligence of the defendant and the amount of *982 damages sustained as alleged in the first cause of action of plaintiffs’ complaint. Moreover, the second cause of action pleaded in plaintiffs ’ complaint refers to breach of an insurance agreement, at the very beginning of the trial, then the jury would know that “ insurance ” was involved in the case (cf. Kelly v. Yannotti, 4 N Y 2d 603). However, it appears that the defendant consents to the waiver of a trial by jury in the main action. The plaintiffs have stated that they ‘ ‘ will not in any event demand a trial by jury.” Accordingly, the motion of the third-party defendant for severance is denied. The calendar clerk is hereby directed to strike the action from the Jury Calendar and place it on the Nonjury Calendar. The third-party plaintiff is hereby directed to requisition these papers to the calendar clerk for that purpose within five days from date of publication of this order in the New York Laiv Journal.
Motion No. 23 is a motion by the plaintiffs under subdivision 3 of section 193-a of the Civil Practice Act for leave to amend their complaint to include a cause of action against the Fireman’s Fund Insurance Company, the third-party defendant and to serve an amended complaint in the form annexed to the notice of motion upon said third-party defendant.
The defendant and third-party plaintiff does not oppose the motion.
The third-party defendant opposes and contends chiefly, that the plaintiffs’ proposed complaint against it is legally insufficient and does not state facts sufficient to constitute a cause of action. With this contention the court does not agree. Paragraph 2 of Furrier’s Block Policy No. F.B. 1017 issued by the third-party defendant insurance company issued to defendant, Arthur Bosenbaum, Inc., reads as follows: “ 2. property covered. On stock in trade consisting principally of furs, fur garments, garments trimmed with fur and accessories pertaining thereto, property of the Assured or sold but not delivered, and the property of others who are dealers in such property or otherwise engaged in the trade for which the Assured may be liable, including the Assured’s interest in such property for labor performed and materials expended thereon, hereinafter referred to as ‘ property ’.”
From a reading of the above provisions of the policy, there is no doubt that plaintiffs who are customers of defendant can join the third-party defendant insurance company as a defendant (cf. Mortensen v. Chook, 145 N. Y. S. 2d 609, affd. 4 A D 2d 769).
Accordingly, the motion is granted and the plaintiffs are given leave to serve an amended complaint pursuant to subdi *983 vision 3 of section 193-a of the Civil Practice Act in the form annexed to the notice of motion upon the attorney for the third-party defendant within 10 days from the date of the service of this order, with notice of entry. The caption of the action is deemed amended accordingly. The said third-party defendant may servé its answer to the amended complaint within 10 days from date of service thereof as aforesaid.