EDWARD JEFFERSON, Respondent, v. SINCLAIR REFINING COMPANY, Defendant-Respondent and Third-Party Plaintiff-Respondent. LIPSETT, INCORPORATED et al., Third-Party Defendants-Appellants.

First Department, October 19, 1961.

*William F. McNulty* of counsel (*Rudser & Fitzmaurice,* attorneys), for third-party defendants-appellants.

*James H. Halpin* of counsel (*Robert W. Murray* and *P. Richard Mercurio* with him on the brief; *Kissam & Halpin,* attorneys), for third-party plaintiff-respondent.

*Jay Kushner,* attorney (*Bennett E. Aron* and *Harry Zeitlan* of counsel), for respondent.

McNally, J. The question presented involves the right of one, other than the insured or additional insured, and not an injured person within the meaning of section 167 of the Insurance Law, to prosecute an action on a policy of liability insurance.

On October 3, 1958 Lipsett, Incorporated, third-party defendant, entered into a contract with Sinclair Refining Company, defendant and third-party plaintiff, for the demolition and removal of structures and equipment at one of Sinclair's oil refineries in East Chicago, Indiana. Lipsett thereby agreed to indemnify Sinclair against liability to third persons for personal injuries and property damage incident to the work, whether due to Sinclair's negligence or otherwise, and to defend any suit therefor. Lipsett also undertook to provide and maintain liability insurance covering its said contractual obligation to Sinclair. Thereafter the third-party defendant, Employers Mutual Liability Insurance Company of Wisconsin, extended its pre-existing comprehensive general liability policy issued to Lipsett to cover its liability to Sinclair under the contract of October 3, 1958. The sole named insured is Lipsett. Sinclair is not an additional insured within the policy definition of "insured".

Plaintiff alleges on February 17, 1959 he was injured at Sinclair's premises in consequence of an explosion resulting from Sinclair's negligence. Sinclair's third-party complaint alleges three causes of action. The first is directed against Lipsett and seeks indemnity on the basis of the contract in the event Sinclair is cast in judgment; the second, also against Lipsett, seeks similar indemnity by reason of Lipsett's negligence; and the third, against Employers, is grounded on the liability policy. We are presently concerned solely with the legal sufficiency of the third cause of action.

The coverage provided in the liability policy in respect of bodily injury is: "I. Coverage A — Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident."

The policy indorsement in respect of the contractual liability of Lipsett is, in part, as follows:

" The company agrees with the named insured, in consideration of the payment of the premium and in reliance upon the statements in the Declarations and in the Schedule below and subject to the limits of liability, Exclusions, Conditions and other terms of this endorsement:

"SCHEDULE

"The insurance afforded under this endorsement is only with respect to such and so many of the following coverages as are indicated by specific limits of liability.

"CONTRACT ENTERED INTO BETWEEN THE NAMED INSURED AND SINCLAIR REFINING CO. IN CONNECTION WITH JOB AT THE EAST CHICAGO REFINERY, INC. PER CONTRACT DATED: 10-3-58 ".

Sinclair asserts it is a third-party beneficiary under the liability policy issued by Employers to Lipsett relying on the holdings in *Ultramares Corp.* v. *Touche* (255 N. Y. 170); *Seaver* v. *Ransom* (224 N. Y. 233) and *Lawrence* v. *Fox* (20 N. Y. 268). Sinclair is not the named or an additional insured. The policy coverage is limited to the legal obligation of the insured and its extension to the contract between Sinclair and Lipsett is confined to the latter's contractual liability; it does not by its terms expressly or impliedly cover the legal liability of Sinclair for accidental personal injury. (*French* v. *Vix*, 143 N. Y. 90, 93–94; *Beveridge* v. *New York El. R. R. Co.*, 112 N. Y. 1, 26; *Simson* v. *Brown*, 68 N. Y. 355; *Turk* v. *Ridge*, 41 N. Y. 201; *Warsawer* v. *Burghard*, 234 App. Div. 346; *Skinner Bros. Mfg. Co.* v. *Shevlin Eng. Co.*, 231 App. Div. 656, 659–660, affd. 257 N. Y. 562.) Had the policy expressly provided for indemnification against the liability of Sinclair, its right to sue thereon would be clear. (Cf. *Levine & Co.* v. *Wolf Package Depot,* 29 Misc 2d 1085, affd. 1 A D 2d 874.)

The contract supplies the motive for the extension of the liability policy to Lipsett's contractual obligation to indemnify Sinclair. Motivation is not, however, to be confused with the intent, nature and scope of the obligation set forth in the policy. (*Daniel-Morris Co.* v. *Glens Falls Ind. Co.*, 308 N. Y. 464, 469.) The policy does not express the obligation of Employers to indemnify Sinclair. Sinclair is at best an incidental beneficiary and as such has no right to sue on the policy. (*Tomaso, Feitner & Lane* v. *Brown*, 4 N Y 2d 391; *McGrath* v. *American Sur. Co. of N. Y.*, 307 N. Y. 552; *Embler* v. *Hartford Steam Boiler Inspection & Ins. Co.*, 158 N. Y. 431; *Matter of Conay*, 29 Misc 2d 1090, reargument denied 29 Misc 2d 1095, affd. 284 App. Div. 950; 2 Williston, Contracts [3d ed.], § 402.) Section 193-a of the Civil Practice Act adds nothing to Sinclair's right to sue on the policy. (*Warsawer* v. *Burghard, supra,* p. 348.)

The order should be modified, on the law, to the extent of deleting the first and second decretal paragraphs, granting summary judgment dismissing the cause of action in the third-party complaint against the third-party defendant Employers

Mutual Liability Insurance Company of Wisconsin, denying the alternative motion for a severance of said cause of action as moot, and, as so modified, affirmed, with costs to third-party defendants-appellants.

BOTEIN, P. J., BREITEL, RABIN and VALENTE, JJ., concur.

Order entered on August 17, 1961, unanimously modified, on the law, to the extent of deleting the first and second decretal paragraphs, granting summary judgment dismissing the cause of action in the third-party complaint against the third-party defendant Employers Mutual Liability Insurance Company of Wisconsin, denying the alternative motion for a severance of said cause of action as moot, and, as so modified, affirmed, with $20 costs and disbursements to third-party defendants-appellants.

Settle order on notice.