Abthtjb C. Atjlisi, J.
Plaintiff seeks to recover damages for destruction of its textile goods resulting from a fire allegedly due to defendants’ negligence while the goods were in the possession of the bailee, defendant Lee Dyeing Company of Johns- *83 town, Inc., hereafter called Lee Dyeing. In its answer, Lee Dyeing denies generally the allegations of the complaint and sets forth two affirmative defenses. It is upon said two affirmative defenses that Lee Dyeing moves for summary judgment. Plaintiff, by cross motion, moves to dismiss the two affirmative defenses. Both parties assert that there are no triable issues of fact in their respective motion.
In its first affirmative defense, Lee Dyeing alleges that upon delivery of the textile goods by plaintiff to Lee Dyeing, there was issued by the latter to plaintiff a certain greige goods receipt providing as follows: “2. The Owner assumes all risk and liability for any damage to or loss of the goods described on the reverse side hereof from any cause whatsoever other than failure of the Finisher to dye and finish the goods in accordance with the Finisher’s standard processes.”
Lee Dyeing contends that under the terms of said greige receipt, plaintiff assumed all risk and liability for any damage to or loss of the goods and that said quoted provision effectively exonerates Lee Dyeing from any and all liability, damage or loss to plaintiff’s goods.
Plaintiff maintains that Lee Dyeing’s letter of' August 21, 1970 which states in part: u Please be aware that we do not insure your cloth for you. We protect only against any form of legal liability that may be established against us as bailee ” (italics supplied), coupled with Lee Dyeing’s insurance policy, which insures it against its ‘‘ common law or statutory liability as bailee ”, negates Lee Dyeing’s contention that the greige receipt absolves it from liability.
In support of its first affirmative defense, Lee Dyeing relies on Levine v. Shell Oil Co. (28 N Y 2d 205), which dealt with a joint tort-feasor situation as distinguished from the bailment relationship involved in this case.
The decision in Levine modified the earlier rule in Thompson Starrett Co. v. Otis Elevator Co. (271 N. Y. 36), by relaxing the Thompson-Starrett requirement that “ ‘ contracts will not be construed to indemnify a person against his own [active] negligence unless such intention is expressed in unequivocal terms ’.” In writing for the court in the Levine case, Judge Scileppi (p. 211) stated that rigid adherence to the ThompsonStarrett doctrine was not required for reasons of policy or by other decisions of the Court of Appeals. He noted that the court had found an expression of requisite intent in several cases where no mention was made of active negligence. Thus, indemnification was permitted in Levine even though the language *84 of the lease fell short of expressly stating that its coverage extended to the active negligence of the party to be indemnified, because, said the court, that appeared to be the unmistakable intent of the parties. However, Levine did not change the requirement that such language must be strictly construed. Nor did Levine alter the concept reiterated in Van Dyke Prods v. Eastman Kodak Co. (12 N Y 2d 301) that the law looks with disfavor upon attempts of a party to avoid liability for his own fault and that, although it is permissible in many cases to contract one’s self out of liability for negligence, the courts insist that it must be absolutely clear that such was the understanding of the parties.
In the instant case, when paragraph “ 2 ” of the greige receipt is read with Lee Dyeing’s letter and with Lee Dyeing’s insurance policy bailee, the plain meaning of such language fairly includes Lee Dyeing’s liability for its own negligence and no more should be .required to establish the unmistakable intent of the parties. (Levine v. Shell Oil Co., 28 N Y 2d 205, supra.)
We now turn to the .second affirmative defense in which Lee Dyeing claims that by the terms of paragraph “4 ” of1 said greige receipt, Lee Dyeing is entitled to the benefit of the insurance carried by plaintiff. The relevant portion of paragraph “ 4 ” reads as follows:' “ The Finisher shall be entitled to the benefit of any insurance carried by the Owner covering any loss sustained by the Owner on the goods delivered to the Finisher and to any payment made by the insurer to the Owner, except to the extent that the rights of the Owner under the policy of insurance would thereby be impaired ”.
Plaintiff argues that Lee Dyeing is not entitled to the benefit of plaintiff’s insurance because such insurance would be available to; Lee Dyeing only to the extent that plaintiff’s rights under the policy would not be impaired. Plaintiff avers that under the terms of paragraphs 2, 3 and 15 of the “ Conditions ” of plaintiff’s insurance policy its rights would be impaired, citing that paragraph 2 renders the policy null and void if plaintiff “ by any act or agreement, before or after loss or damage” impairs plaintiff’s rights of recovery. Paragraph 3 reads as follows: “ 3. No benefit to bailee. This insurance shall in no wise inure directly or indirectly to the benefit of any carrier or other bailee.” Paragraph 15 provides for subrogation of1 the insurance company, signing the customary loan receipt, permitting suit to be brought in insured’s name, etc.
Clearly, plaintiff’s rights under paragraphs 2, 3 and 15 of the “ Conditions ” of its insurance policy would be impaired if it *85 were held that Lee Dyeing were entitled to the benefit of plaintiff’s insurance. Therefore, Lee Dyeing is precluded from getting the benefit of such insurance.
Finally, in its second affirmative defense Lee Dyeing further alleges that plaintiff is not entitled to maintain this action because the real party in interest is the insurance company which has paid to plaintiff the damages sought herein. This contention is without merit (CPLR 1004). Lee Dyeing is in no position to complain so long as it is not subject to the danger of a double recovery. (Sosnow, Kranz & Simcoe v. Storatti Corp., 269 App. Div. 122, affd. 295 N. Y. 675.)
Accordingly, Lee Dyeing’s motion for summary judgment in its favor is hereby denied, and plaintiff’s motion for a dismissal of the first and second affirmative defenses contained in the answer of Lee Dyeing is hereby granted.'