CBF TRADING CO., INC., Plaintiff,

v.

The HANOVER INSURANCE COMPANY, Defendant.

The HANOVER INSURANCE COMPANY, Defendant and Third-Party Plaintiff,

v.

Eli A. COHEN, Third-Party Defendant.

No. 83 Civ. 4088 (CBM).

United States District Court, S.D. New York.

Dec. 3, 1984.

**686**

Nathanson & Devack, P.C. by Mitchell Devack, Franklin Square, N.Y., for third-party defendant.

Penzer & Sloan by Carl R. Sloan, New York City, for plaintiff.

Tell, Chester, Breitbart & Lefkowitz by Benjamin L. Tell, New York City, for defendant and third-party plaintiff.

## OPINION

MOTLEY, Chief Judge.

Defendant Hanover Insurance Company ("Hanover") and third-party defendant Eli Cohen have each moved for summary judgment. Defendant Hanover asserts that summary judgment should be granted in its favor as to the second cause of action. Plaintiff's second cause of action is based upon an insurance contract issued to Eli A. Cohen, the third-party defendant. Hanover contends that the plaintiff does not have a direct cause of action against it under this policy and, accordingly, the second cause of action must be dismissed. If this motion for summary judgment is denied, defendant Hanover moves for separate trials of the two causes of action. The third-party defendant moves for summary judgment dismissing the third-party complaint on the grounds that an insurer has no right of subrogation against its own insured. For the following reasons, the motions are all denied.

FACTS

Plaintiff CBF Trading Co., Inc., has commenced this action against defendant Hanover seeking $146,719.64 in damages pursuant to two policies of jewelers block insurance issued by the defendant. The first policy, Jewelers Block Policy # IM 671297 was issued to plaintiff. The second policy is Jewelers Block Policy # IM 474656 and was issued to third-party defendant Cohen. The causes of action arose when Cohen, serving as bailee for plaintiff, allegedly lost certain precious stones and jewels belonging to plaintiff. This property was covered by an All-Risk memorandum issued to plaintiff. Cohen was brought in as a third-party defendant by Hanover. Hanover seeks to exercise its equitable right of subrogation against the third-party defendant. Cohen also has commenced an action in the Eastern District of New York against Hanover, seeking to recover for the same loss.

THIRD–PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Third-party defendant argues that Hanover does not have a right of subrogation against him since no right of subrogation can arise in favor of an insurer against its own insured. Hanover, however, contends that the right of subrogation exists in this instance since the third-party defendant is not insured under the same policy as plaintiff. Furthermore, Hanover states that the insurance policy issued to Cohen was void at its inception and therefore no valid policy exists.

Under the Federal Rules of Civil Procedure, Rule 56, the third-party defendant must demonstrate that there remains no genuine issue of material fact for trial and that it is entitled to judgment as a

matter of law before summary judgment can be granted. *Robertson v. Seidman & Seidman*, 609 F.2d 583, 591 (2d Cir.1979). It is not necessary at this time, therefore, to consider whether the insurer may seek subrogation against a party which is insured under a different policy of the insurer. It is clear that a material issue of fact exists in this action, whether the policy issued to the third party defendant Cohen is valid. Accordingly, the third-party defendant's motion for summary judgment is denied.

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Hanover, in bringing its summary judgment motion, seeks to have the second cause of action dismissed, alleging that the plaintiff has no direct action against the insurance company in connection with the insurance policy issued to Cohen, the third-party defendant. Defendant asserts that only Cohen, the insured under the policy of insurance, may be sued by plaintiff. Hanover contends that the policy covers Cohen's legal liability to plaintiff and, accordingly, plaintiff has no direct cause of action against the insurer.

Plaintiff, however, relies on the policy issued to Cohen. It asserts that paragraph 3 of the policy provides that the defendant insures:

property ... entrusted to the insured by others who are dealers in such property ... only to the extent of the insured's own actual interest therein ... or legal liability of or damage thereof.

Plaintiff also relies on paragraph 10 of the policy which provides:

In the event of loss or damage to property of others held by the insured by which claim is made upon the company, the right to adjust such loss or damage with the owner or owners of the property is reserved to the company and the receipt of such owner or owners in satisfaction thereof shall be in full satisfaction of any claim of the insured for which such payment has been made.

According to plaintiff, these two clauses establish its right to a direct action against defendant insurer.

**■** As a general rule, there is no privity between an injured party and the insurer of the wrongdoer, and the injured party has no right of direct action against the insurer. *Oakes v. United States*, 35 F.Supp. 868, 869 (S.D.N.Y.1940); *Rozell v. Rozell*, 281 N.Y. 106, 22 N.E.2d 254 (1939); *Jefferson v. Sinclair Refining Co.*, 14 A.D.2d 238, 220 N.Y.S.2d 387, 390 (1st Dep't), *aff'd*, 10 N.Y.2d 422, 223 N.Y.S.2d 863, 179 N.E.2d 706 (1961). Exceptions to this general rule exist where direct action is authorized by statute, *Miller v. American S.S. Owners Mut. Protection Co.*, 509 F.Supp. 1047, 1049 & n.1 (S.D.N.Y.1981); *Wabco Trade Co. v. S.S. Inger Skou*, 508 F.Supp. 94, 96 (S.D.N.Y.1980); N.Y. Insurance Law section 167(7), or a contractual provision in an insurance policy issued to a bailee. *B.N. Exton & Co. v. Home Fire and Marine Insurance Co.*, 249 N.Y. 258, 164 N.E. 43 (1928); *Mord v. New York Indemnity Co.*, 216 App.Div. 252, 253, 214 N.Y.S. 693 (2d Dep't 1926), *aff'd*, 244 N.Y. 589, 155 N.E.2d 908 (1927).

In *Mord v. New York Indemnity Co.*, *supra*, the insurance policy in issue contained a provision similar to paragraph 10 of the insurance contract issued to Mr. Cohen. The policy in *Mord*, was issued to a bailee of furs. One clause of this policy provided that in case of loss or damage to property held in trust, the insurance company might adjust the loss either with the assured or with the owner of the property, and payment to the owner constituted full satisfaction of any claim for such loss by the assured. 216 App.Div. at 253. The court, held that the bailor may recover directly against the bailee's insurer, noting that the terms of the insurance policy gave the owners of property a direct cause of action against the insurer without the consent of the insured. *Id. See also Rappaport v. Phil Gottlieb-Sattler, Inc.*, 280 App.Div. 424, 114 N.Y.S.2d 221 (1st Dep't 1952) *aff'd*, 305 N.Y. 594, 596, 111 N.E.2d 647 (1953) (insurance policy provided that insurer was to pay "on behalf of the as-

sured" all sums which the assured shall become obligated as bailee to pay a customer for damages because of loss of property; customer may recover directly on policy). *Accord, Levine v. Arthur Rosenbaum, Inc.,* 16 Misc.2d 980, 182 N.Y.S.2d 135 (N.Y.City Ct.1958); *Arkush v. Citron,* 14 Misc.2d 707, 715, 180 N.Y.S.2d 514 (N.Y. Mun.Ct.1958). *Cf. Philip Wick Co. v. Lee Dyeing of Johnstown,* 71 Misc.2d 82, 335 N.Y.S.2d 619 (Fulton Sup.Ct.1972), *aff'd,* 41 A.D.2d 905, 343 N.Y.S.2d 595 (3d Dep't 1973) (bailee not entitled to benefit of bailor's insurance); *Hoffman v. Fireman's Fund Indemnity Co.,* 160 Misc. 823, 290 N.Y.S. 876 (N.Y.City Ct.1935), *aff'd,* 248 App.Div. 866, 290 N.Y.S. 878 (1st Dep't 1936) (settlement of loss entered into in good faith between insurer and insured bailee prevents bailor from maintaining action against insurer).

It is clear from paragraph 10 of the insurance contract that defendant Hanover understood that it was insuring the bailee of goods and that the terms of the policy covered not only goods owned by the insured but also property held by him in trust. Moreover, the clause specifically provides that any loss may be adjusted by defendant with either the insured or the owner of the property. Therefore, pursuant to the terms of the policy written by the insurer it is evident that the insurer intended to provide the right of direct action by owners of property held in trust by the insured. The defendant's motion for summary judgment is denied.

## DEFENDANT'S MOTION FOR SEPARATE TRIALS

In the event that its motion for summary judgment were not granted, Hanover also has moved for separate trials of the two causes of action, claiming that the issues presented would be too difficult and confusing for one jury to decide. Furthermore, Hanover asserts that were the jury to try both cases at the same time, it would be highly prejudicial to the defendant.

The issues to be presented to the jury if the two causes of action were tried together are not so complex as to warrant separate trials. The issues are the similar and the damages sought are the same. Accordingly, this court, in the exercise of its sound discretion, denies defendant's motion for separate trials as to the two causes or action.

## CONCLUSION

For the above reasons, the summary judgment motions of the defendant and third-party defendant are denied. Additionally defendant's motion for separate trials is also denied.